**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DEUTSCHE BANK NATIONAL TRUST : 
COMPANY, solely in its capacity as Trustee :
for the MORGAN STANLEY :
STRUCTURED TRUST I 2007-1, :
: No. 14 Civ. 3020 (LTS)
              Plaintiff, :
: ORAL ARGUMENT
      - against - : <u>REQUESTED</u>
:
MORGAN STANLEY MORTGAGE :
CAPITAL HOLDINGS LLC, as Successor- :
by-Merger to MORGAN STANLEY :
MORTGAGE CAPITAL INC., :
:
              Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

Attorneys for Defendant

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ...................................................................................................... 3

    A.    The Structure of the Transaction .................................................... 3

    B.    The Representations and Warranties and the Repurchase Protocol ........................ 3

    C.    Procedural History ........................................................................ 4

ARGUMENT ............................................................................................................ 5

    I.    ALL CLAIMS OTHER THAN FOR REPURCHASE OF THE 1,620
          LOANS FOR WHICH PLAINTIFF HAS PROVIDED NOTICE OF
          ALLEGED BREACHES MUST BE DISMISSED WITH PREJUDICE .............. 5

          A.    Plaintiff's Claims Are Subject to a Six-Year Statute of Limitations
               Which Commenced When the Representations and Warranties
               Were Made ................................................................................ 5

          B.    The Contractual Repurchase Protocol Is a Condition Precedent to
               Filing Suit, and Therefore, Plaintiff Cannot Assert a Repurchase
               Claim for Any Loan for Which It Failed to Comply with this
               Condition During the Statute of Limitations ................................ 6

          C.    Plaintiff Failed to Comply with the Repurchase Protocol for Any
                Mortgage Loans Other Than the 1,620 Identified in Its Demand
               Letter ......................................................................................... 7

    II.    PLAINTIFF'S CLAIMS FOR DAMAGES AND RESCISSION MUST
          BE DISMISSED ........................................................................... 8

          A.    Plaintiff's Claims for Damages and Rescission Are Barred
               by the MLPA's "Sole Remedy" Provision .................................... 8

          B.    The Trustee Cannot Evade the Sole Remedy Provision by
               Claiming a Separate "Breach of Repurchase Obligations" or
               "Breach of Obligation to Notify" ................................................ 11

    III.    PLAINTIFF'S SPECIFIC PERFORMANCE CLAIMS ARE
          INADEQUATELY PLED .............................................................. 15

          A.    Plaintiff Has Not Adequately Alleged a Material Breach
               With Respect to Any of the Loans in the Trust .......................... 15

          B.    Plaintiff Does Not and Cannot State a Claim
               With Respect to the Accredited Mortgage Loans ...................... 16

IV.    PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT
OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED ..................19

CONCLUSION........................................................................................................................20

# TABLE OF AUTHORITIES

CASES

PAGE(S)

ABB Indus. Sys. v. Prime Tech., Inc.,
   120 F.3d 351 (2d Cir. 1997)....................................................................................5

ACE Sec. Corp. v. DB Structured Prods., Inc.,
   112 A.D.3d 522 (1st Dep't 2013) ................................................................. passim

ACE Sec. Corp. Home Equity Loan Trust, Series 2006-HE4 v. DB Structured Prods., Inc.,
   No. 653394/2012, 2014 WL 1384490 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014)............................10

ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 v. DB Structured Prods., Inc.,
   Nos. 13 Civ. 1869 (AJN), 13 Civ. 2053 (AJN), 13 Civ. 2828 (AJN), 13 Civ. 3687 (AJN),
   2014 WL 1116758 (S.D.N.Y. Mar. 20, 2014) ........................................................12

Ambac Assurance Corp. v. EMC Mortgage LLC,
   No. 651013/2012, 2013 WL 2919062 (Sup. Ct. N.Y. Cnty. June 13, 2013)..........................10

Ambac Assurance Corp. v. First Franklin Fin. Corp.,
   No. 651217/2012, 2013 WL 3779636 (Sup. Ct. N.Y. Cnty. July 18, 2013) ..........................10

Assured Guar. Corp. v. EMC Mortg., LLC,
   No. 650805/2012, 2013 WL 1442177 (Sup. Ct. N.Y. Cnty. Apr. 4, 2013)............................11

Assured Guar. Mun. Corp. v. DLJ Mortg. Capital, Inc.,
   No. 652837/2011, 2012 WL 5192752 (Sup. Ct. N.Y. Cnty. Oct. 11, 2012) ..........................11

Bank of N.Y. Mellon v. WMC Mortg., LLC,
   No. 654464/2012, 2013 WL 6153207 (Sup. Ct. N.Y. Cnty. Nov. 21, 2013) ..........................14

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)...............................................................................................5

Citigroup Mortg. Loan Trust 2007-AMC3 v. Citigroup Global Mkts. Realty Corp.,
   No. 13 Civ. 2843 (GBD), 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014) ..........................9, 12

Fezzani v. Bear, Stearns & Co., Inc.,
   384 F. Supp. 2d 618 (S.D.N.Y. 2004).......................................................................5

Flanagan v. Prudential-Bache Sec., Inc.,
   67 N.Y.2d 500 (1986) ..........................................................................................15

In re Gen. Dev. Corp. Bond Litig.,
    800 F. Supp. 1128 (S.D.N.Y. 1992)........................................................................................5

Greenfield v. Philles Records, Inc.,
    98 N.Y.2d 562 (2002) ................................................................................................................9

Harris v. Provident Life & Accident Ins. Co.,
    310 F.3d 73 (2d Cir. 2002).......................................................................................................19

Home Equity Asset Trust 2006-5 v. DLJ Mortg. Capital, Inc.,
    No. 652344/2012, 2014 WL 27961 (Sup. Ct. N.Y. Cnty. Jan. 3, 2014)...................................7

Homeward Residential, Inc. v. Sand Canyon Corp.,
    No. 12 Civ. 7319 (AT), 2014 WL 572722 (S.D.N.Y. Feb. 14, 2014) .....................................13

In re Houbigant, Inc.,
    914 F. Supp. 964 (S.D.N.Y. 1995)..........................................................................................19

Lan Sang v. Ming Hai,
    951 F. Supp. 2d 504 (S.D.N.Y. 2013).....................................................................................17

Lehman XS Trust, Series 2006-4N v. GreenPoint Mortg. Funding, Inc.,
    No. 13 Civ. 4707 (SAS), 2014 WL 108523 (S.D.N.Y. Jan. 10, 2014)....................................13

Logan Advisors, L.L.C. v. Patriarch Partners, L.L.C.,
    63 A.D.3d 440 (1st Dep't 2009) ..............................................................................................19

MASTR Adjustable Rate Mortgs. Trust 2006-OA2 v. UBS Real Estate Secs. Inc.,
    No. 12 Civ. 7322 (HB), 2013 WL 4399210 (S.D.N.Y. Aug. 15, 2013) ............................13, 15

Morgan Stanley Mortg. Loan Trust 2006-14SL v. Morgan Stanley Mortg. Cap. Holdings LLC,
    No. 652763/2012, 2013 WL 4488367 (Sup. Ct. N.Y. Cnty. Aug. 16, 2013) ..........................10

Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2005-S4 v. Nomura Credit & Cap., Inc.,
    No. 653541/2011, 2013 WL 2072817 (Sup. Ct. N.Y. Cnty. May 10, 2013) ....................13, 14

S. Wine & Spirits of Am., Inc. v. Impact Envtl. Eng'g, PLLC,
    80 A.D.3d 505 (2011) ...............................................................................................................7

Torchlight Loan Servs., LLC v. Column Fin. Inc.,
    No. 11 Civ. 7426, 2012 WL 3065929 (S.D.N.Y. July 25, 2012) ......................................15, 17

U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc.,
    No. 652388/2011, 2013 WL 2356295 (Sup. Ct. N.Y. Cnty. May 29, 2013) ..........................11

U.S. Bank Nat'l Ass'n v. DLJ Mortg. Capital, Inc.,
    No. 650369/2013, 2014 WL 176813 (Sup. Ct. N.Y. Cnty. Jan. 15, 2014) .......................10, 13

Walnut Place LLC v. Countrywide Home Loans, Inc.,
    96 A.D.3d 684 (1st Dep't 2012) ...........................................................................................12

Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.,
    No. 12 Civ. 6168 (MGC), 2014 WL 1259630 (S.D.N.Y. Mar. 27, 2014) ...............................5

<u>S</u>TATUTES & <u>R</u>ULES

N.Y. C.P.L.R. 213(2) ...................................................................................................................5

## PRELIMINARY STATEMENT

In this action for alleged breach of contract, plaintiff asks the Court to rewrite the plain terms of the parties' agreements in order to avoid a contractually mandated condition precedent and the governing contracts' "sole remedy" provision. Plaintiff cannot circumvent the plain terms of the parties' agreements, however, and its claims must therefore be dismissed.

This action relates to a mortgage loan securitization transaction called Morgan Stanley Structured Trust I 2007-1 ("MSST 2007-1"). In transferring various mortgage loans to the depositor for the securitization, defendant Morgan Stanley Mortgage Capital Holdings LLC ("MSMC") made representations and warranties about the quality of certain such mortgage loans. Under the terms of the securitization contracts, if plaintiff—the trustee for the securitization—determines that any of those loans materially breach any representation or warranty, then the trustee must promptly provide written notice of the alleged breaches, after which MSMC has 90 days to cure or repurchase any loans that are in fact in material breach. The contracts are clear that cure or repurchase of any materially defective loan is the trustee's "sole and exclusive remedy" with respect to the representations made by MSMC.

More than five years after the securitization closed, plaintiff sent MSMC a notice from two certificateholders alleging that approximately 1,620 mortgage loans breached certain of MSMC's representations and warranties. MSMC responded within the time frame required by the contracts, repurchasing 149 mortgage loans and rebutting plaintiff's allegations with respect to the other mortgage loans. Plaintiff has now filed this suit, alleging that MSMC has failed to comply with its contractual cure and repurchase obligations. But plaintiff's claims suffer from several fatal defects.

First, in order to state a claim with respect to any loan, plaintiff must comply with the contractual condition precedent by providing notice of a material breach of a representation and warranty and allowing MSMC 90 days to cure or repurchase the mortgage loans for which MSMC made those representations and warranties. Accordingly, plaintiff's complaint must be limited to the 1,620 loans for which plaintiff provided MSMC with notice of alleged breaches within the six-year statute of limitations. Any claim with respect to any of the other loans in the trust would be untimely, because plaintiff did not satisfy the contractual condition precedent with respect to such loans within the statute of limitations.

Moreover, much of the relief plaintiff seeks is precluded by the governing contracts. Plaintiff seeks rescission and rescissory damages, as well as other damages that go beyond the contracts' explicit sole remedy provision. But that provision states that if there are material defects in the loans within the trust, the "sole and exclusive remedy" is the cure or repurchase of the allegedly defective loans at the contractually defined repurchase price. Plaintiff's claims for remedies beyond the payment of that repurchase price are precluded by the sole remedy provision, and the arguments plaintiff asserts in an attempt to plead around the sole remedy provision have already been rejected by numerous courts, including courts in this District.

As an alternative to its claims for rescission and damages, which are unavailable under the governing contracts, plaintiff seeks specific performance of the repurchase remedy as to thousands of loans in the trust. Here, too, plaintiff seeks a remedy far broader than what is permitted by the contracts because it fails to adequately plead its claims for specific performance and seeks repurchase of loans that MSMC is not required to repurchase under the governing agreements. Finally, plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of its breach of contract claims and must be dismissed.

A.      The Structure of the Transaction

This case arises from a securitization transaction backed by a pool of subprime residential mortgage loans.  The trust issued certificates, which are securities representing an interest in the assets of the trust fund, that were secured by a pool of 4,374 loans (the "Mortgage Loans").  (Compl. ¶ 1.)  Defendant MSMC and EMC Mortgage Corporation each transferred certain of the Mortgage Loans to the depositor for the securitization, Bear Stearns Asset Backed Securities LLC, pursuant to a Mortgage Loan Purchase Agreement dated as of July 6, 2007 (the "MLPA").[1] The depositor then assigned the loans to the trustee for MSST 2007-1 pursuant to a Pooling and Servicing Agreement dated as of June 1, 2007 (the "PSA") (Ex. 2).  (Id. ¶ 15.)  The transaction closed on July 6, 2007.  (Id.)

B.      The Representations and Warranties and the Repurchase Protocol

MSMC made various representations and warranties concerning certain Mortgage Loans (the "MSMCH Represented Mortgage Loans") in the MLPA.  (See Ex. 1, MLPA §§ 1, 10.)  The MLPA sets forth a specific procedure (the "Repurchase Protocol") that must be followed whenever a party believes that a representation or warranty has been breached.  The Repurchase Protocol provides:

> Upon discovery or receipt of notice by MSMCH or the [depositor]
> of a breach of any representation or warranty of MSMCH . . .
> which materially and adversely affects the value of the interests of
> the [depositor] in any of the MSMCH Represented Mortgage
> Loans . . . the party discovering or receiving notice of such breach
> shall give prompt written notice to the others.  In the case of any
> such breach . . . within 90 days from the date of discovery by

---

[1] The MLPA is attached as Exhibit 1 to the July 21, 2014 declaration of James P. Rouhandeh filed herewith.  Unless otherwise noted,  references herein to "Ex. __" are to exhibits to that declaration.

> MSMCH, or the date MSMCH is notified . . . of such breach . . .
> MSMCH will, (i) cure such breach in all material respects [or] (ii)
> purchase the affected Mortgage Loan at the applicable Purchase
> Price . . . .

(Ex. 1, MLPA § 10.)  The PSA provides that the trustee also is required to "give prompt written notice" to MSMC in the event it believes that a representation or warranty has been breached and such breach "materially and adversely affects the interests of the Certificateholders in any Mortgage Loan."  (Ex. 2, PSA § 2.03(a).)  The MLPA states that the cure or repurchase of any MSMCH Represented Mortgage Loan that breaches a representation or warranty "shall constitute the [depositor's], the Trustee's and the Certificateholder's sole and exclusive remedy under this Agreement or otherwise respecting a breach of representations or warranties hereunder with respect to the MSMCH Represented Mortgage Loans."  (Ex. 1, MLPA § 10 (emphasis added).)

C.  Procedural History

On April 4, 2013, plaintiff forwarded to defendant a letter from two certificateholders in MSST 2007-1, which purported to provide notice of alleged breaches of representations and warranties with respect to approximately 1,620 Mortgage Loans.  (See Compl. ¶ 47; id. at Ex. 3.) In its cover letter to defendant (the "Demand Letter"), plaintiff requested that defendant cure any material breaches within 90 days or, if the alleged breaches could not be cured, repurchase the Mortgage Loans.  (Id. at Ex. 3.)  Consistent with its contractual obligations, defendant responded to the Demand Letter within 90 days of receiving it, agreed to repurchase 149 Mortgage Loans identified therein, and rebutted the remaining breach allegations on various grounds.  (Ex. 3; Compl. ¶ 67.)

**ARGUMENT**

I.   ALL CLAIMS OTHER THAN FOR REPURCHASE OF THE 1,620 LOANS FOR
     WHICH PLAINTIFF HAS PROVIDED NOTICE OF ALLEGED BREACHES MUST
     BE DISMISSED WITH PREJUDICE

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[I]t is proper to dismiss claims when it is apparent from the complaint and documents referenced therein that they are barred by the applicable statute of limitations." Fezzani v. Bear, Stearns & Co., Inc., 384 F. Supp. 2d 618, 630 (S.D.N.Y. 2004) (citing In re Gen. Dev. Corp. Bond Litig., 800 F. Supp. 1128, 1135-36 (S.D.N.Y. 1992)). Plaintiff's failure to comply with the applicable statute of limitations with respect to all but 1,620 of the Mortgage Loans requires dismissal with prejudice of its claims relating to any Mortgage Loans other than those 1,620.

A.   Plaintiff's Claims Are Subject to a Six-Year Statute of Limitations
     Which Commenced When the Representations and Warranties Were Made

New York enforces a six-year limitations period for breach-of-contract actions. Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A., No. 12 Civ. 6168 (MGC), 2014 WL 1259630, at *2 (S.D.N.Y. Mar. 27, 2014) (citing N.Y. C.P.L.R. 213(2)). "[I]t is well settled that the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." Id. (quoting ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 360 (2d Cir. 1997)) (internal quotation marks omitted).

The allegations in this action are that MSMC breached the representations and warranties in the MLPA and that those representations and warranties were false when made. The MLPA was dated as of July 6, 2007. (Ex. 1.) The parties to this action entered into a tolling agreement

effective July 3, 2013, which expired on April 25, 2014.  Accordingly, any claims by plaintiff

relating to alleged breaches of the representations and warranties must have been filed no later

than April 28, 2014, the date plaintiff filed the complaint in this action.

> B. The Contractual Repurchase Protocol Is a Condition Precedent to Filing Suit,
> and Therefore, Plaintiff Cannot Assert a Repurchase Claim for Any Loan for Which
> <u>It Failed to Comply with this Condition During the Statute of Limitations</u>

As explained above, the MLPA and PSA set forth a specific process by which MSMC's

repurchase obligations may be enforced.  First, if the trustee believes that a representation or

warranty has been breached and such breach materially and adversely affects the interests of the

certificateholders in any Mortgage Loan, it must "give prompt written notice thereof" to the

other parties to the PSA.  (Ex. 2, PSA § 2.03(a).)  Next, the trustee must provide MSMC with 90

days to cure the alleged breaches or repurchase the affected MSMCH Represented Mortgage

Loans.  (Ex. 1, MLPA § 10.)  Finally, if—and only if—90 days have passed and MSMC has

failed to cure the alleged breaches, the trustee may bring suit to enforce Morgan Stanley's

obligations to repurchase the affected MSMCH Represented Mortgage Loans.  (See <u>id.</u>; <u>see also</u>

Ex. 2, PSA § 2.02 ("On behalf of the Trust, the Trustee shall enforce the obligation of [MSMC]

under the Mortgage Loan Purchase Agreement . . . to repurchase, cure or substitute for any

Mortgage Loan for which a breach of a representation or warranty made by such party

exists . . . .").)

Under the decision of the New York State Supreme Court Appellate Division's First

Department in <u>ACE Securities Corp. v. DB Structured Products, Inc.</u>, a plaintiff's failure to

comply with the Repurchase Protocol renders its claims untimely.  In <u>ACE</u>, "[t]he MLPA and

PSA provided that the trustee was not entitled to sue or to demand that defendant repurchase

defective mortgage loans until it discovered or received notice of a breach <u>and</u> the cure period

lapsed." 112 A.D.3d 522, 522 (1st Dep't 2013) (emphasis in original).  The First Department

held unequivocally that such provisions operate as "a condition precedent to commencing suit":

> The certificate holders commenced an action on behalf of the
> trust . . . on March 28, 2012 . . . .  However, defendant had not
> received notice of the alleged breach until February 8, 2012.  Thus,
> the 60- and 90-day periods for cure and repurchase had not yet
> elapsed.  The certificate holders' failure to comply with a condition
> precedent to commencing suit rendered their summons with notice
> a nullity.

Id. at 523 (citing S. Wine & Spirits of Am., Inc. v. Impact Envtl. Eng'g, PLLC, 80 A.D.3d 505

(1st Dep't 2011)); see also Home Equity Asset Trust 2006-5 v. DLJ Mortg. Capital, Inc., No.

652344/2012, 2014 WL 27961, at *3 (Sup. Ct. N.Y. Cnty. Jan. 3, 2014) (following ACE, and

holding that summonses with notice filed prior to expiration of the cure period were a nullity).

Because the summons with notice was a nullity, the First Department further held that the

trustee's complaint did not relate back to the summons with notice and was therefore untimely.

ACE, 112 A.D.3d at 523.

    C.   Plaintiff Failed to Comply with the Repurchase Protocol for Any
         Mortgage Loans Other Than the 1,620 Identified in Its Demand Letter

As noted above, Section 2.03(a) of the PSA expressly requires that upon discovery of any

breach of a representation or warranty in the MLPA that materially and adversely affects the

certificateholders' interest in any Mortgage Loan, the trustee is required to "give prompt written

notice thereof to the other parties of this [PSA]."  (Ex. 2, PSA § 2.03(a).)  Upon notice of any

breach affecting a MSMCH Represented Mortgage Loan, MSMC has 90 days either to cure the

alleged breach or to "purchase the affected Mortgage Loan at the applicable Purchase Price."

(Ex. 1, MLPA § 10 (emphasis added).)  The First Department's ruling in ACE makes clear that

compliance with these requirements is a contractual condition precedent to filing suit.  112

A.D.3d at 523.  The parties' agreements do not permit plaintiff to evade this contractually prescribed procedure.  See id.

The attachment to plaintiff's Demand Letter purported to provide notice of alleged breaches only with respect to the 1,620 Mortgage Loans identified in the schedules thereto.  It did not purport to notify of trust-wide defects or of alleged breaches in any Mortgage Loans other than those 1,620.  (See Compl. Ex. 3 (certificateholders purported to "notify the Trustee of material and adverse breaches of the representations and warranties . . . in respect of the mortgage loans identified in Schedules I-XV on the enclosed disk . . . and demand that [MSMC] cure such breaches or repurchase the mortgage loans affected thereby") (emphases added)); see also Compl. ¶ 47 ("The Breach Notice informed [MSMC] that it had breached one or more representations and warranties for each of 1,620 unique Loans.") (emphasis added).)  Plaintiff's claims with respect to the 2,754 loans for which no notice was provided must therefore be dismissed, and because the six-year statute of limitations has already expired, any future notices of alleged breaches would be untimely.  Insofar as the complaint purports to seek relief based on alleged "Defective Mortgage Loans" other than the 1,620 identified in the Demand Letter (Compl. ¶¶ 81, 92), any such claims should be dismissed with prejudice.

## II.    PLAINTIFF'S CLAIMS FOR DAMAGES AND RESCISSION MUST BE DISMISSED

### A.    Plaintiff's Claims for Damages and Rescission Are Barred by the MLPA's "Sole Remedy" Provision

The MLPA provides that the "the Trustee's . . . sole and exclusive remedy" for all claims "respecting" a material breach of the representations and warranties concerning the MSMCH Represented Mortgage Loans is specific performance of MSMC's obligation to cure or repurchase those particular loans.  (See Ex. 1, MLPA § 10.)  As previously explained, Section 2.03(a) of the PSA provides that, in the event the trustee believes that a Mortgage Loan breaches

8

a representation or warranty, it must "give prompt written notice" of the alleged breach to "the other parties." (Ex. 2, PSA § 2.03(a).)  The MLPA provides that, upon notice of an alleged breach with respect to a MSMCH Represented Mortgage Loan, MSMC has 90 days to cure or repurchase any materially breaching MSMCH Represented Mortgage Loan.  (Ex. 1, MLPA § 10.)  The MLPA goes on to provide that "[t]he obligations of [MSMC] to cure [or] purchase . . . shall constitute the Purchaser's, the Trustee's and the Certificateholder's <u>sole and exclusive remedy</u> under this Agreement or otherwise respecting a breach of representations or warranties hereunder with respect to the MSMCH Represented Mortgage Loans." (<u>Id.</u> (emphasis added).)  Plaintiff in this action does not just seek specific performance of MSMC's cure or repurchase obligations, but also seeks compensatory damages and rescission or rescissory damages.  (<u>See</u> Compl. ¶¶ 79, 82, 93, 94, 104, 105.)  By seeking rescission and damages beyond the payment of the contractually defined Purchase Price for any loans required to be repurchased under the Repurchase Protocol, plaintiff is asking the Court to rewrite the parties' contracts and to ignore the sole remedy provision.  But the sole remedy provision is clear and unambiguous, and must be enforced according to its terms.  <u>See, e.g.</u>, <u>Greenfield v. Philles Records, Inc.</u>, 98 N.Y.2d 562, 569-70 (2002).

In an analogous recent case involving mortgage-backed securitizations, another court in this District concluded that the sole remedy clause barred plaintiff's attempts to seek "damages" (as distinguished from payment of the repurchase price under the Repurchase Protocol).  <u>See</u> <u>Citigroup Mortg. Loan Trust 2007-AMC3 v. Citigroup Global Markets Realty Corp.</u>, No. 13 Civ. 2843 (GBD), 2014 WL 1329165, at *5 (S.D.N.Y. Mar. 31, 2014) ("<u>Citigroup 2007-AMC3</u>") ("This . . . remedy—damages—is foreclosed to Plaintiff under the sole remedy provisions in the Agreements.").  Similar conclusions have been reached by numerous New York state courts.  In

9

<u>Ambac Assurance Corp. v. EMC Mortgage LLC</u>, for example, plaintiff sought "monetary damages, including rescissory and punitive damages," despite the existence of a "sole remedy" provision in the operative contracts like the one present here.  No. 651013/2012, 2013 WL 2919062, at *2-3 (Sup. Ct. N.Y. Cnty. June 13, 2013).  Although the plaintiff asserted that it was "entitled to pursue all of its contract claims and remedies," the Court pointed to the language of the "sole remedy" provision and held that specific performance of the repurchase protocol was the plaintiff's exclusive remedy.  <u>Id.</u> at *4.

The same holding has been reached in various other cases involving sole remedy provisions virtually identical to the one here.  <u>See, e.g.</u>, <u>ACE Sec. Corp. Home Equity Loan Trust, Series 2006-HE4 v. DB Structured Products, Inc.</u>, No. 653394/2012, 2014 WL 1384490, at *5-6 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) (holding that "neither rescission nor rescissory damages are available where the sole remedy clause is undoubtedly applicable to Plaintiff" and that "[c]onsequential damages are also barred by the sole remedy provision"); <u>U.S. Bank Nat'l Ass'n v. DLJ Mortg. Capital, Inc.</u>, No. 650369/2013, 2014 WL 176813, at *4 (Sup. Ct. N.Y. Cnty. Jan. 15, 2014) (holding that the sole remedy provision permits the court only to direct performance of the repurchase obligation and "bars the recovery of the damages sought by Plaintiff for breaches of those representation and warranties made in [the Agreement]"); <u>Morgan Stanley Mortg. Loan Trust 2006-14SL v. Morgan Stanley Mortg. Capital Holdings LLC</u>, No. 652763/2012, 2013 WL 4488367, at *8 (Sup. Ct. N.Y. Cnty. Aug. 16, 2013) ("[T]he only remedies available for [the breach of representations and warranties concerning the loans] are pursuant to the sole remedy clause of Section 3.01, namely cure, repurchase, or substitution."); <u>Ambac Assurance Corp. v. First Franklin Fin. Corp.</u>, No. 651217/2012, 2013 WL 3779636, at *9 (Sup. Ct. N.Y. Cnty. July 18, 2013) ("As the MLPAs specify only one remedy for breaches of

loan-level representations and warranties, the Repurchase Protocol, the plaintiff is limited to the Repurchase Protocol for remedy of such breaches."); U.S. Bank Nat'l Ass'n v. Countrywide Home Loans, Inc., No. 652388/2011, 2013 WL 2356295, at *4 (Sup. Ct. N.Y. Cnty. May 29, 2013) (rejecting argument that allegation of "pervasive breaches" could overcome plain terms of contract providing for a "sole remedy" of repurchase/cure/substitution); Assured Guar. Corp. v. EMC Mortg., LLC, No. 650805/2012, 2013 WL 1442177, at *5 (Sup. Ct. N.Y. Cnty. Apr. 4, 2013) ("This Court cannot ignore the language of the parties' agreements that plainly restricts [plaintiff] to the remedy of the Repurchase Protocol to enforce [defendant]'s obligations under the Operative Documents. Consequently, [plaintiff] is limited to the remedy of compelling [defendant] to repurchase defective loans that breach any representations and warranties pertaining to characteristics of the pooled loans." (citation omitted)); Assured Guar. Mun. Corp. v. DLJ Mortg. Capital, Inc., No. 652837/2011, 2012 WL 5192752, at *8 (Sup. Ct. N.Y. Cnty. Oct. 11, 2012) ("What was contemplated was clearly expressed—that the Repurchase Protocol would be the sole remedy available to [plaintiff]."). Here, as in those cases, the sole remedy provision in the MLPA precludes plaintiff's claims for damages and rescission.

B. The Trustee Cannot Evade the Sole Remedy Provision by Claiming a Separate "Breach of Repurchase Obligations" or "Breach of Obligation to Notify"

As explained above, the PSA and MLPA establish a procedure whereby a party that discovers a material breach of a representation or warranty in the MLPA must promptly notify the other parties. Upon notice to MSMC of a material breach affecting a MSMCH Represented Mortgage Loan, MSMC has 90 days to repurchase or cure the breaching loans, and this constitutes plaintiff's "sole and exclusive remedy" respecting such breaches. Plaintiff seeks to avoid the sole remedy provision by purporting to assert a separate claim for failure to accede to many of plaintiff's repurchase demands (Count Two) and failure to notify the trustee of alleged

11

breaches (Count Three), and by contending that the "sole remedy" provision does not apply to these purported claims. But the First Department has held that the Repurchase Protocol is the remedial framework for addressing alleged underlying breaches of representations and warranties, not the basis for an independent claim. Nor do these alleged breaches of the Repurchase Protocol cause the sole remedy provision to be inapplicable.

In ACE, the First Department reversed the motion court's holding that a denial of a repurchase demand constitutes an independent breach that triggers the running of the statute of limitations, and held that the breach occurred, if ever, at the time the representations and warranties were made. See 112 A.D.3d at 522-23. If the denial of repurchase demands were the basis for an independent cause of action, the First Department could not have reached the decision it reached in ACE. The First Department's holding in ACE was also consistent with its prior holding in Walnut Place LLC v. Countrywide Home Loans, Inc. that the notice/cure/repurchase protocol "merely provides for a remedy in the event of a breach." 96 A.D.3d 684, 684-85 (1st Dep't 2012).

Several courts in this District have likewise held, both before ACE and afterwards (citing ACE), that the notice/cure/repurchase protocol is remedial and does not constitute a basis for an independent breach of contract separate and apart from the alleged underlying breaches of representations and warranties. See, e.g., Citigroup 2007-AMC3, 2014 WL 1329165, at *5 (observing that "the failure to cure or repurchase does not constitute an independent breach of the contract under New York law so as to vitiate the sole remedy provision"); ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 v. DB Structured Products, Inc., Nos. 13 Civ. 1869 (AJN), 13 Civ. 2053 (AJN), 13 Civ. 2828 (AJN), 13 Civ. 3687 (AJN), 2014 WL 1116758, at *7 (S.D.N.Y. Mar. 20, 2014) ("[T]he Court rejects Plaintiff's argument that the sole remedy

provisions are inapplicable simply because it has pleaded 'independent' failure-to-repurchase claims."); <u>Homeward Residential, Inc. v. Sand Canyon Corp.</u>, No. 12 Civ. 7319 (AT), 2014 WL 572722, at *15 (S.D.N.Y. Feb. 14, 2014) (rejecting argument that alleged breach of repurchase obligation falls outside of "sole remedy" provision, in light of First Department's holding in <u>ACE</u> and <u>Walnut Place</u> that the notice/cure/repurchase protocol is remedial, not a basis for an independent claim); <u>Lehman XS Trust, Series 2006-4N v. GreenPoint Mortg. Funding, Inc.</u>, No. 13 Civ. 4707 (SAS), 2014 WL 108523, at *4 (S.D.N.Y. Jan. 10, 2014) (defendant's "alleged failure to comply with its cure or repurchase obligations does not give rise to a separate breach of contract at the time of refusal because New York law . . . does not recognize pre-suit remedial provisions as constituting separate promises which can serve as the basis for independent causes of action" (omission in original) (internal quotation marks omitted)); <u>MASTR Adjustable Rate Mortgs. Trust 2006-OA2 v. UBS Real Estate Secs. Inc.</u>, No. 12 Civ. 7322 (HB), 2013 WL 4399210, at *4 (S.D.N.Y. Aug. 15, 2013) ("I disagree with the Trusts to the extent that they argue that breach of the repurchase obligation somehow entitles them to damages that are greater than those that are commensurate with the sole remedy clause. No matter how the breach is characterized, Plaintiffs' repurchase remedy is limited to 'the Purchase Price' under the PSAs.").

The same conclusion has been reached by various New York state courts. <u>See, e.g.</u>, <u>U.S. Bank Nat'l Ass'n</u>, 2014 WL 176813, at *4 ("[T]he sole remedy contractual language agreed upon by the parties is not vitiated because DLJ allegedly breached its obligation to perform the remedy therein. Instead, the remedy in that instance is to direct DLJ's performance of its repurchase obligation."); <u>Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2005-S4 v. Nomura Credit & Capital, Inc.</u>, No. 653541/2011, 2013 WL 2072817, at *8 (Sup. Ct. N.Y. Cnty.

May 10, 2013) ("The repurchase obligation in this case is merely a remedy. It is not a duty independent of the Mortgage Representation breach of contract claims.").

In <u>Bank of New York Mellon v. WMC Mortgage, LLC</u>, No. 654464/2012, 2013 WL 6153207 (Sup. Ct. N.Y. Cnty. Nov. 21, 2013), like here, plaintiff purported to assert claims not only for breaches of the underlying representations and warranties, but for breach of the notice and repurchase obligations associated with the notice/cure/repurchase protocol, <u>id.</u> at *1 n.6, and asserted that those claims were outside the ambit of the sole remedy provision. The Court held:

> This court and virtually all of the federal and state courts in New York that have recently considered this issue have held that a Trust's ability to recoup its RMBS losses is limited to the defined repurchase price for non-conforming loans. That is, <u>no matter the basis for plaintiff's put-back cause of action</u>, it is a claim for an amount of money under the Repurchase Protocol for non-compliant loans. Consequently, much of the parties' dispute—namely, how to properly characterize the breach (e.g. failure to repurchase vs. failure to notify) . . . does not merit further discussion. Regardless of the sufficiency of defendants' notifications . . . damages in this action are capped at the total repurchase price of the Trust's non-conforming loans.

<u>Id.</u> at *1. The same conclusion applies here.

Moreover, the sole remedy provision, under the plain terms of the MLPA, applies to any claim "respecting a breach" of the representations and warranties. (Ex. 1, MLPA § 10.) As set forth above, there is no independent claim for breach of the alleged obligation to give notice of breaching Mortgage Loans or to cure or repurchase breaching Mortgage Loans—rather, these are remedial aspects of the underlying alleged breaches of representations and warranties, and are derivative of such allegations. Even if these were independent claims, such claims would fall within the language of the "sole remedy" provision. An alleged failure to provide notice of representation and warranty breaches, and an alleged failure to accede to plaintiff's repurchase demands relating to alleged breaches, would clearly be claims "respecting such . . . breach[es]."

See MASTR Adjustable Rate Mortgs. Trust 2006-OA2, 2013 WL 4399210, at *4 (rejecting argument that alleged failure to repurchase was an independent breach falling outside the "sole remedy" provision, and holding that "[t]he plain language, 'respecting such matters,' covers all remedies arising from a breach of the R&W"); see also Flanagan v. Prudential-Bache Secs., Inc., 67 N.Y.2d 500, 508-09 (1986) (holding that "'[r]especting' has a broader connotation than 'arising out of,'" and encompasses claims that "relate to and are concerned with" the item to which the term "respecting" refers).

III.    PLAINTIFF'S SPECIFIC PERFORMANCE CLAIMS ARE INADEQUATELY PLED

    A. Plaintiff Has Not Adequately Alleged a Material Breach
       With Respect to Any of the Loans in the Trust

The complaint describes only eighteen allegedly defective Mortgage Loans in any detail (Compl. ¶¶ 54-59), and plaintiff does not allege that any of these Mortgage Loans were MSMCH Represented Mortgage Loans. Plaintiff offers no basis to evaluate the remainder of the Mortgage Loans other than conclusory allegations that a laundry list of representations somehow were breached. Such allegations are inadequate to state a claim for breach of contract. See Torchlight Loan Servs., LLC v. Column Fin. Inc., No. 11 Civ. 7426, 2012 WL 3065929, at *9 (S.D.N.Y. July 25, 2012) (finding claim based on alleged breach of R&W inadequately pled where the complaint merely "recite[d] the . . . representation and warranty and later quot[ed] a portion of it," but did not contain any allegations concerning how the R&W was breached). At most, therefore, plaintiff has demonstrated that it could potentially state a claim limited to the eighteen Mortgage Loans for which it has provided even minimal factual allegations in its complaint. Because plaintiff attempts to state a claim as to more than one thousand Mortgage Loans based on facts concerning only eighteen, however, its claims should be dismissed.

15

B.  Plaintiff Does Not and Cannot State a Claim
    With Respect to the Accredited Mortgage Loans

Plaintiff's claims with respect to Mortgage Loans originated by Accredited Home

Lenders ("Accredited Mortgage Loans") must be dismissed for the additional reason that MSMC

has no contractual obligation to cure or repurchase such loans.  As a threshold matter, under the

plain language of the MLPA, MSMC is only obligated to repurchase MSMCH Represented

Mortgage Loans.  (See Ex. 1, MLPA § 10.)  MSMCH Represented Mortgage Loans are defined

as "[a]ny Mortgage Loan . . . originated by Aames Capital Corporation, Aegis Mortgage

Corporation, Decision One Mortgage Company, LLC, First NLC Financial Services, LLC,

MILA, Inc., New Century Mortgage Corporation, Option One Mortgage Corporation or

Wilmington Finance Inc."  (Id. at § 1.)  This definition plainly excludes Accredited Mortgage

Loans.

Nor has plaintiff adequately pled that MSMC has any obligation to honor Accredited's

own cure and repurchase obligations with respect to the Accredited Mortgage Loans.  The

MLPA states:

> In the case of any such breach of a representation or warranty set forth in this
> Section 10 made by Accredited with respect to an Accredited Mortgage Loan, in
> the event Accredited fails to cure, substitute or repurchase an Accredited
> Mortgage Loan within the period specified in the Accredited Assignment,
> Assumption and Recognition Agreement, [MSMC] will cure, substitute or
> repurchase such Accredited Mortgage Loan.

(Id. at § 10.)  Accredited did not make any of the representations and warranties in Section 10 of

the MLPA, however; only MSMC did.   (See id. ("MSMCH hereby represents and

warrants . . . .").)  Accordingly, there are no "representation[s] or warrant[ies] set forth in . . .

Section 10 made by Accredited" that could give rise to an obligation by MSMC to honor

Accredited's cure or repurchase obligations.  Indeed, plaintiff does not even claim that there was

16

any breach of a representation and warranty made by Accredited.  Rather, the only

representations and warranties referenced in the complaint are those made by MSMC (see, e.g.,

Compl. ¶¶ 21-28), and the only Accredited Mortgage Loans referenced in the complaint are

those that were included in plaintiff's Demand Letter, which also referenced representations

made by MSMC, not by Accredited (id. at ¶¶ 47, 48 & Ex. 4).  Having failed to identify a single

representation by Accredited that allegedly was breached, plaintiff has failed to adequately plead

that MSMC is obligated to honor Accredited's cure or repurchase obligations with respect to any

Accredited Mortgage Loan.  See Torchlight Loan Servs., LLC, 2012 WL 3065929, at *5 ("While

Rule 8's notice pleading is liberally construed, courts have dismissed breach of representation

and warranty claims, which fail to plead facts sufficient to put a defendant on notice of the nature

and scope of the claims."); Lan Sang v. Ming Hai, 951 F. Supp. 2d 504, 527 (S.D.N.Y. 2013)

("Without stating which specific terms of the contract have been breached, a complaint fails to

provide the defendant with sufficient notice to defend the claim.  Because Plaintiff's breach of

contract claim lacks the specificity required by Rule 12(b)(6) and Rule 8, the claim must be

dismissed.").

Even if plaintiff had stated a claim with respect to the Accredited Mortgage Loans

identified in its Demand Letter, however—which it has not—such a claim would in any event be

time-barred.  The MLPA provides that any obligation MSMC could have to honor Accredited's

cure or repurchase obligations is triggered only "in the event Accredited fails to cure, substitute

or repurchase an Accredited Mortgage Loan within the period specified in the Accredited

Assignment, Assumption and Recognition Agreement."  (Ex. 1, MLPA § 10.)  If that time

expires and Accredited has not cured or repurchased a materially breaching Accredited Mortgage

Loan, MSMC "will cure, substitute or repurchase such Accredited Mortgage Loan in accordance

with the terms of the foregoing paragraph." (Id.) The "foregoing paragraph" allows MSMC 90 days to cure or repurchase materially breaching loans. (Id.) Therefore, contrary to plaintiff's allegations (see Compl. ¶ 67), any obligation of MSMC to cure or repurchase a materially breaching Accredited Mortgage Loan would begin to run only after Accredited's time to cure or repurchase that loan had already expired and Accredited had failed to do so. MSMC would then have 90 days to honor Accredited's cure or repurchase obligations.

Because MSMC's obligation to honor Accredited's cure and repurchase requirements is triggered only by Accredited's failure to do so, MSMC must learn that Accredited has failed to honor its cure and repurchase obligations before MSMC's time to honor those obligations can begin to run. Plaintiff does not and cannot allege, however, that MSMC received notice or otherwise discovered before the complaint in this action was filed that Accredited had not complied with its cure or repurchase obligations with respect to any Accredited Mortgage Loan. There is no indication in plaintiff's Demand Letter that Accredited had received a copy of that letter. (See Compl. Ex. 3.) Nor was MSMC copied on plaintiff's April 3, 2013 letter to Accredited or Accredited's April 8 response declining to cure or repurchase any loans (see Compl. Ex. 4), and plaintiff does not allege that it provided a copy of either letter to MSMC before it attached them as exhibits to its complaint. Finally, the complaint does not allege that MSMC had any other reason to know that Accredited's time to cure or repurchase any Accredited Mortgage Loans had begun or ended or that Accredited had failed to do so during that time. Because MSMC necessarily must know of Accredited's failure to comply with its cure or repurchase requirements within the prescribed time period before MSMC can potentially have any obligation to do so, MSMC's time to cure or repurchase any Accredited Mortgage Loan could not have begun until the complaint was filed on the last day of the statute of limitations

18

period.  MSMC thus was not afforded the contractually mandated cure and repurchase period before the statute of limitations expired.  Consistent with the First Department's holding in <u>ACE</u>, plaintiff's failure to comply with this condition precedent with respect to Accredited Mortgage Loans before filing its complaint renders its premature pleading "a nullity."  <u>ACE</u>, 112 A.D.3d at 523.  Accordingly, plaintiff's claims with respect to these Accredited Mortgage Loans are untimely and should be dismissed.  <u>See</u> <u>id.</u>

IV.    PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD
       <u>FAITH AND FAIR DEALING MUST BE DISMISSED</u>

        In addition to asserting purported claims for breach of contract, plaintiff purports to bring a claim for breach of the implied covenant of good faith and fair dealing based on the allegation that MSMC failed to fulfill its contractual obligations in good faith.  (Compl. ¶ 109.)   However, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  <u>Harris v. Provident Life & Accident Ins. Co.</u>, 310 F.3d 73, 81 (2d Cir. 2002); <u>see also, e.g.</u>, <u>In re Houbigant, Inc.</u>, 914 F. Supp. 964, 989 (S.D.N.Y. 1995) (holding that a claim for breach of the implied covenant of good faith and fair dealing "will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for a claim for breach of an express provision of the underlying contract"); <u>Logan Advisors, LLC v. Patriarch Partners, LLC</u>, 63 A.D.3d 440, 443 (1st Dep't 2009) ("The claim that defendants breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the breach of contract claim because both claims arise from the same facts.").  Here, plaintiff's claim that MSMC breached the implied covenant of good faith and fair dealing is completely duplicative and based on the same facts as its breach of contract claims asserted in Counts 1-3 of the complaint, and therefore, must be dismissed.

## **CONCLUSION**

For the reasons stated above, defendant respectfully requests that this Court dismiss this action in its entirety with prejudice.

Dated:    New York, New York
           July 21, 2014

                                 DAVIS POLK & WARDWELL LLP

                                 By:   /s/ James P. Rouhandeh
                                      James P. Rouhandeh
                                      Brian S. Weinstein
                                      Carissa M. Pilotti

                                 450 Lexington Avenue
                                 New York, New York 10017
                                 (212) 450-4000
                                 rouhandeh@davispolk.com
                                 brian.weinstein@davispolk.com
                                 carissa.pilotti@davispolk.com

                                 Attorneys for Defendant