**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEUTSCHE BANK NATIONAL TRUST
COMPANY, solely in its capacity as Trustee
for the MORGAN STANLEY
STRUCTURED TRUST I 2007-1,

                      Plaintiff,

           - against -

MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS LLC, as Successor-
by-Merger to MORGAN STANLEY
MORTGAGE CAPITAL INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 14 Civ. 3020 (LTS)

ORAL ARGUMENT
<u>REQUESTED</u>

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000

Attorneys for Defendant

## **TABLE OF CONTENTS**

P<small>AGE</small>

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT .........................................................................................................1

    I.      ALL CLAIMS FOR NON-NOTICED LOANS ARE TIME-BARRED...............1

    II.    PLAINTIFF'S CLAIMS FOR RESCISSION AND DAMAGES IN
           EXCESS OF THE REPURCHASE PRICE MUST BE DISMISSED ..................4

          A.     Plaintiff Cannot Evade the Sole Remedy Provision by Alleging
                 "Gross Negligence" ...........................................................................5

          B.     The Trustee Cannot Evade the Sole Remedy Provision by
                 Purporting to Assert a Separate "Breach of Repurchase
                 Obligations" or "Breach of Obligation to Notify".......................6

    III.   PLAINTIFF FAILS TO STATE A CLAIM WITH RESPECT TO ANY
           LOAN .........................................................................................................7

          A.     Plaintiff Has Not Adequately Alleged a Breach of the MSMCH
                 Represented Loans .............................................................................7

          B.     Plaintiff Has Not Adequately Alleged a Breach of the Accredited
                 Mortgage Loans .................................................................................8

    IV.   PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT
           OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED .................10

CONCLUSION......................................................................................................10

i

## TABLE OF AUTHORITIES

### CASES

PAGE(S)

ACE Sec. Corp. Home Equity Loan Trust Series 2007-ASAP2 v. DB Structured Prods.,
  Inc., No. 651936/2013 (N.Y. Sup. Ct. N.Y. Cnty. Aug. 28, 2014) (Weinstein Reply
  Decl. Ex. 7) .............................................................................................................. 10

ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 v. DB Structured Prods.,
  Inc., 2014 WL 1116758 (S.D.N.Y. Mar. 20, 2014) ............................................... 5, 6

ACE Sec. Corp. v. DB Structured Prods., Inc.,
  112 A.D.3d 522 (1st Dep't 2013) ...................................................................... 1, 3, 9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...................................................................................................... 7

Assured Guar. Mun. Corp. v. Flagstar Bank, FSB,
  No. 11 Civ. 2375, 2011 WL 5335566 (S.D.N.Y. Oct. 31, 2011) ............................... 3

Assured Guar. Mun. Corp. v. Flagstar Bank FSB,
  920 F. Supp. 2d 475 (S.D.N.Y. 2013) ......................................................................... 2

Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings, LLC,
  No. 5140-CS, 2012 WL 3201139 (Del. Ch. Aug. 7, 2012) .................................... 2, 7

Citigroup Mortg. Loan Trust 2007-AMC3 v. Citigroup Global Mkts. Realty Corp.,
  No. 13 Civ. 2843, 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014) .............................. 4

Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.,
  No. 13 Civ. 6482, 2014 WL 3819356 (S.D.N.Y. Aug. 4, 2014) .............................. 10

Harris v. Provident Life & Accident Ins. Co.,
  310 F.3d 73 (2d Cir. 2002) ........................................................................................ 10

Home Equity Mortg. Trust Series 2006-5 v. DLJ Mortg. Capital, Inc.,
  No. 653787/2012, 2014 WL 317838 (Sup. Ct. N.Y. Cnty. Jan. 27, 2014) ................. 3

Lan Sang v. Ming Hai,
  951 F. Supp. 2d 504 (S.D.N.Y. 2013) ......................................................................... 8

Maxim Grp. LLC v. Life Partners Holdings, Inc.,
  690 F. Supp. 2d 293 (S.D.N.Y. 2010) ......................................................................... 9

Morgan Stanley Mortg. Loan Trust 2006-13ARX v. Morgan Stanley Mortg. Capital
    Holdings, LLC, No. 653429/2012 (Sup. Ct. N.Y. Cnty. Sep. 30, 2014) (Weinstein
    Reply Decl. Ex.6)...........................................................................................................5-6, 7

Morgan Stanley Mortg. Loan Trust 2006-14SL v. Morgan Stanley Capital Holdings,
    LLC, No. 62763/2012, 2013 WL 4488367 (Sup. Ct. N.Y. Cnty. Aug. 16, 2013)................... 3

Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2006-S4 v. Nomura Credit &
    Capital, Inc., No. 653390/2012, 2014 WL 2890341 (Sup. Ct. N.Y. Cnty. June 26,
    2014) ..............................................................................................................................6-7

Nomura Asset Acceptance Corp., Mortg. Pass-Through Certificates, Series 2006-AF2 v.
    Nomura Credit & Capital, Inc., No. 652614/2012 (Sup. Ct. N.Y. Cnty. July 18, 2014)
    (Weinstein Reply Decl. Ex. 4) ........................................................................................ 5, 6

Nomura Home Equity Loan Trust, Inc. v. Nomura Credit & Capital, Inc.,
    No. 650337/2013 (Sup. Ct. N.Y. Cnty. July 18, 2014) (Weinstein Reply Decl. Ex. 5) ....... 5, 6

Randall v. Guido,
    238 A.D.2d 164 (1st Dep't 1997) ........................................................................................ 10

Rich v. Maidstone Fin., Inc.,
    No. 98 Civ. 2569, 2001 WL 286757 (S.D.N.Y. Mar. 23, 2001) ............................................ 7

Sommer v. Fed. Signal Corp.,
    79 N.Y.2d 540 (1992) ........................................................................................................... 5

Torchlight Loan Servs., LLC v. Column Fin. Inc.,
    No. 11 Civ. 7426, 2012 WL 3065929 (S.D.N.Y. July 25, 2012) ........................................... 8

OTHER AUTHORITIES

Admin. Order of Hon. Sherry Klein Heitler (Sup. Ct. N.Y. Cnty. May 23, 2013),
    *available at*
    http://www.nycourts.gov/courts/1jd/supctmanh/AO_Mortgage_Secs_513.pdf....................... 5

## PRELIMINARY STATEMENT

Plaintiff's opposition brief fails to salvage any of its claims.  The First Department's decision in ACE Securities Corp. v. DB Structured Products, Inc., 112 A.D.3d 522 (1st Dep't 2013), requires here that all claims based on loans for which no notice was given be dismissed as untimely.  As to the remaining claims, the complaint either seeks relief that is precluded by the governing contracts, or fails to set forth sufficient facts showing an entitlement to the relief that is permitted by those contracts.  For the reasons set forth in defendant's opening brief, plaintiff's complaint should be dismissed.

## ARGUMENT

### I.   ALL CLAIMS FOR NON-NOTICED LOANS ARE TIME-BARRED

As set forth in MSMC's opening brief, plaintiff's failure to comply with the conditions precedent to filing suit with respect to any mortgage loan not identified in the Demand Letter renders its claims with respect to those loans untimely.  (Mem. 5-8.)[1]  By its express terms, the Repurchase Protocol in the governing contract is loan-specific.  If there is a breach that materially and adversely affects the certificateholders' interest in an MSMCH Represented Mortgage Loan, MSMC must "purchase *the affected Mortgage Loan*."  (Ex. 1, MLPA § 10 (emphasis added); see Mem. 7-8.)  This inherently requires MSMC to know which loans to cure or repurchase.  The only loans for which plaintiff claims to have provided notice of alleged breaches are the 1,620 loans identified in the Demand Letter.   Thus, as explained in MSMC's opening brief, claims with respect to any other mortgage loans are time-barred.  (Mem. 5-7.)

---

[1] Defendant's memorandum of law in support of its motion to dismiss the complaint is referred to herein as "Mem." Plaintiff's memorandum in opposition is referred to herein as "Opp." References herein to "Ex. _" are to the exhibits attached to the July 21, 2014 Declaration of James P. Rouhandeh, and to the consecutively numbered exhibits attached to the October 3, 2014 Reply Declaration of Brian S. Weinstein ("Weinstein Reply Decl."). Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in defendant's opening memorandum of law.

Plaintiff seeks to avoid this result by arguing that it informed MSMC that its "review [of loans] was ongoing," which allegedly put MSMC "on notice of additionally defective loans in the Trust."  (Opp. 17.)  But notifying MSMC of the *possibility* that plaintiff might make future demands is not the same thing as providing *actual* notice of alleged breaches in particular loans, which is what the contract expressly requires.  Plaintiff cannot extend the statute of limitations indefinitely by using an allegedly "ongoing" review as a placeholder for repurchase demands that may be made years later.  <u>Central Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC</u>, No. 5140-CS, 2012 WL 3201139 (Del. Ch. Aug. 7, 2012), soundly rejected the proposition that such later demands could relate back to the time the complaint was filed, because "relation back does not provide [plaintiff] with a license to advance an allegation that it *might* plead more claims along with an allegation as to the general basis for why it thinks that there may be more claims, and then allow the plaintiff to sit back knowing that it has indefinitely stalled the running of the limitations period."  <u>Id.</u> at *20 (emphasis in original).  Rather, because the Repurchase Protocol is loan-specific, each repurchase claim necessarily arises from its own set of facts:  "[E]valuating the accuracy of Morgan Stanley's representations as to Loan A is an independent inquiry from that evaluation as to Loan B. . . . [Plaintiff's] breach of contract claims under the [governing contracts] are for *breaches of the representations and warranties* with respect to the information about *particular loans*."  <u>Id.</u> at *18, *20 (emphasis in original). Accordingly, the possibility of future repurchase demands does not toll the statute of limitations with respect to loans for which no demand was made within the statutory period.

The cases upon which plaintiff relies are distinguishable.  <u>Assured Guaranty Municipal Corp. v. Flagstar Bank FSB</u>, 920 F. Supp. 2d 475, 512-13 (S.D.N.Y. 2013), was not a trustee repurchase action but a monoline case in which the plaintiff's ability to sue was not limited by a

notice-and-cure condition precedent like the one at issue here.  See Assured Guar. Mun. Corp. v. Flagstar FSB, No. 11 Civ. 2375, 2011 WL 5335566, at *7 (S.D.N.Y. Oct. 31, 2011) ("[N]otably absent in [the contract] is any indication that the parties intended this 'notice and opportunity to cure' process to be the exclusive means by which [the insurer] may enforce its rights . . . ."). And in both Morgan Stanley Mortgage Loan Trust 2006-14SL v. Morgan Stanley Capital Holdings, LLC, No. 62763/2012, 2013 WL 4488367, at *3 (Sup. Ct. N.Y. Cnty. Aug. 16, 2013) and Home Equity Mortgage Trust Series 2006-5 v. DLJ Mortgage Capital, Inc., No. 653787/2012, 2014 WL 317838, at *5 (Sup. Ct. N.Y. Cnty. Jan. 27, 2014), there was a timely demand for repurchase of all breaching loans.[2]  Here, it is undisputed that the Demand Letter only sought repurchase of 1,620 loans. (Compl. Ex. 3; see Opp. 16-18.)

Likewise, plaintiff's argument that the Repurchase Protocol is not a condition precedent (Opp. 19) must be rejected. The First Department expressly stated that "[t]he MLPA and PSA['s] provi[sion] that the trustee was not entitled to sue or to demand that defendant repurchase defective mortgage loans until it discovered or received notice of a breach and the cure period lapsed" is a "condition precedent to commencing suit."  ACE Sec. Corp., 112 A.D.3d at 522-23 (emphasis in original).  There can be no doubt that, under New York law, the Repurchase Protocol is a condition precedent.

Finally, plaintiff's argument that it may seek repurchase of non-noticed mortgage loans because MSMC "must have" discovered unspecified breaches in those loans is unavailing. (Opp. 14-16; Compl. ¶ 60.)  Plaintiff's allegations are completely conclusory, based solely on its allegation that Morgan Stanley conducted due diligence on loans that were later securitized in the

---

[2] MSMC respectfully submits that these decisions were inconsistent with ACE and wrongly decided, but in any event, they are distinguishable from this case because here the Demand Letter was limited to the 1,620 loans.

trust at issue here.  See id.  Such speculative conclusions, however, do not amount to alleged *facts* demonstrating that MSMC discovered breaches in any of the non-noticed loans in this Trust.  See Citigroup Mortg. Loan Trust 2007-AMC3 v. Citigroup Global Mkts. Realty Corp., No. 13 Civ. 2843, 2014 WL 1329165, at *5-6 (S.D.N.Y. Mar. 31, 2014) (concluding, based on nearly identical allegations, that "Plaintiff has failed to allege sufficient, non-speculative facts to support its assertion that Defendant discovered the loans at all").  Indeed, even if plaintiff had made any non-speculative and non-conclusory allegations that MSMC discovered breaches in the non-noticed loans during pre-securitization due diligence, any such claims would necessarily be untimely, inasmuch as the complaint was filed more than six years after the pre-securitization due diligence, on the sixth anniversary of the closing date of the securitization (inclusive of the tolling period).  (Mem. 5-6.)

II.   PLAINTIFF'S CLAIMS FOR RESCISSION AND DAMAGES IN EXCESS OF THE REPURCHASE PRICE MUST BE DISMISSED

Even if plaintiff had adequately pleaded a claim with respect to any of the loans, its remedy would be limited, under the sole remedy clause, to specific performance of the repurchase obligation.  (See Ex. 1, MLPA § 10; Ex. 2, PSA § 2.03.)  As established in MSMC's opening brief, and conceded by plaintiff, plaintiff is only entitled to relief "consistent with the repurchase remedy" if the sole remedy provision applies to its claims.  (Mem. 9-11; Opp. 23.) And in repurchase actions such as this, courts routinely enforce sole remedy provisions and limit recovery to specific performance of the repurchase obligation, in the form of payment of the repurchase price for any breaching mortgage loans.[3]  Plaintiff's attempts to nullify the sole remedy provision are meritless.

---

[3] To the extent that plaintiff cites cases permitting "an award of damages" (Opp. 23 & n.13), these cases do (….continued)

A. Plaintiff Cannot Evade the Sole Remedy Provision by Alleging "Gross Negligence"

Plaintiff attempts to make an end-run around the MLPA's sole remedy provision by asserting that MSMC allegedly acted with "gross negligence." (Opp. 21-22.) But the doctrine that "a party may not insulate itself from damages caused by grossly negligent conduct," as properly understood and as articulated by the New York Court of Appeals, only applies to "contract clauses purporting to exonerate a party from liability and clauses limiting damages to a nominal sum." Sommer v. Fed. Signal Corp., 79 N.Y.2d 540, 554 (1992). "[T]he sole remedy provision[] in this case do[es] neither of those things." ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 v. DB Structured Prods., Inc., No. 13 Civ. 1869, 2014 WL 1116758, at *9 (S.D.N.Y. Mar. 20, 2014). Rather, it allows the Trust to be made whole with respect to any loans found to be in material breach. Indeed, Justice Marcy Friedman, who presides over all mortgage-backed securities cases that have been filed in the Supreme Court, New York County since May 23, 2013,[4] has held that the sole remedy provision of a repurchase protocol is not "the type of exculpatory clause that is rendered unenforceable by willful conduct or gross negligence." Nomura Asset Acceptance Corp., Mortg. Pass-Through Certificates, Series 2006-AF2 v. Nomura Credit & Capital, Inc., No. 652614/2012, slip op. at 2 (Sup. Ct. N.Y. Cnty. July 18, 2014) (Weinstein Reply Decl. Ex. 4); Nomura Home Equity Loan Trust, Inc. v. Nomura Credit & Capital, Inc., No. 650337/2013, slip op. at 2 (Sup. Ct. N.Y. Cnty. July 18, 2014) (Weinstein Reply Decl. Ex. 5); Morgan Stanley Mortg. Loan Trust 2006-13ARX v. Morgan

---

(continued....)

not support the proposition that "damages" in a trustee repurchase case can go beyond the repurchase price of the loans, if any, required to be repurchased (i.e., specific enforcement of the repurchase remedy), and there is no support for that proposition under the governing contract or the case law.

[4] See Admin. Order of Hon. Sherry Klein Heitler (Sup. Ct. N.Y. Cnty. May 23, 2013), *available at* http://www.nycourts.gov/courts/1jd/supctmanh/AO_Mortgage_Secs_513.pdf.

Stanley Mortg. Capital Holdings, LLC, No. 653429/2012, slip op. at 2 (Sup. Ct. N.Y. Cnty. Sep. 30, 2014) (Weinstein Reply Decl. Ex.6); see also Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3, 2014 WL 1116758, at *10 (concluding that cases holding to the contrary "extend the [New York] Court of Appeals's holdings well beyond" their stated application).

Justice Friedman has likewise held that the very same type of allegations present here and in numerous other RMBS cases—namely, that there are "pervasive" breaches of representations and warranties in RMBS loan trusts—fail to satisfy the exacting standard under New York law necessary to render contracts between commercial counterparties unenforceable. Such allegations "fall far short of alleging the 'willful inten[t] to inflict harm on [the] plaintiff' or the tortious conduct that 'smack[s] of intentional wrongdoing,' which is necessary to obtain relief from a contractual limitation on liability or damages" under New York law. Nomura Asset Acceptance Corp., Mortg. Pass-Through Certificates, Series 2006-AF2, slip op. at 2 (Weinstein Reply Decl. Ex. 4); Nomura Home Equity Loan Trust, Inc., slip op. at 2 (Weinstein Reply Decl. Ex. 5); Morgan Stanley Mortg. Loan Trust 2006-13ARX, slip op. at 2 (Weinstein Reply Decl. Ex. 6). The same conclusion applies here.

### B. The Trustee Cannot Evade the Sole Remedy Provision by Purporting to Assert a Separate "Breach of Repurchase Obligations" or "Breach of Obligation to Notify"

Likewise, plaintiff's attempt to avoid the sole remedy provision by alleging purportedly "separate" breaches of MSMC's obligations to repurchase or provide notice of allegedly breaching loans must fail. (Opp. 22-23.) As MSMC explained in its opening brief, the notice/cure/repurchase protocol is remedial and cannot constitute a basis for an independent breach separate and apart from the alleged underlying breaches of representations and warranties. (Mem. 12-14 (citing cases)); see also Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2006-S4 v. Nomura Credit & Capital, Inc., No. 653390/2012, 2014 WL 2890341, at

*6 (Sup. Ct. N.Y. Cnty. June 26, 2014) (concluding that obligations associated with

notice/cure/repurchase protocol do not "give[] rise to an independent breach of contract");

Morgan Stanley Mortg. Loan Trust 2006-13ARX, slip op. at 2-3 (Weinstein Reply Decl. Ex. 6)

(rejecting "failure to notify" claim as "yet another way of asserting that breaches of the

repurchase protocol constitute independent breaches").

III.    PLAINTIFF FAILS TO STATE A CLAIM WITH RESPECT TO ANY LOAN

    A.    Plaintiff Has Not Adequately Alleged a Breach of the MSMCH Represented Loans

Because the complaint attempts to state claims as to *thousands* of loans based on facts

concerning only eighteen, those claims should be dismissed.  Plaintiff argues that it has

"satisf[ied] the notice pleading standard" (Opp. 8), but relies on its pre-complaint repurchase

demand (which has not been submitted in full to the Court)—rather than any facts alleged in the

complaint—to meet that standard.  The basis for plaintiff's claims must be stated in the

complaint; plaintiff cannot rely on pre-complaint assertions that are not available to the Court to

satisfy the pleading standard.  See Rich v. Maidstone Fin., Inc., No. 98 Civ. 2569, 2001 WL

286757, at *10 (S.D.N.Y. Mar. 23, 2001).  Moreover, listing contract provisions and providing a

summary of "the most common types of breaches" (Opp. 8), cannot establish a breach as to any

loan.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations.").  The

existence of a breach with respect to a particular loan turns on the unique facts of that loan.  See

Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings, LLC, No. 5140-CS, 2012 WL

3201139, at *18 (Del. Ch. Aug. 7, 2012).  Where, as here, a complaint seeking repurchase of a

loan merely "recite[s] the . . . representation and warranty," but does not set forth "allegations

concerning the [loan's] failure" to comply with the quoted provision, it fails to state a claim for

breach of contract.  Torchlight Loan Servs., LLC v. Column Fin. Inc., No. 11 Civ. 7426, 2012

WL 3065929, at *9 (S.D.N.Y. July 25, 2012).

      B.  Plaintiff Has Not Adequately Alleged a Breach of the Accredited Mortgage Loans

As MSMC explained in its opening brief, under the terms of the MLPA, MSMC has no

obligation to repurchase any Accredited Mortgage Loans unless they breach "a representation or

warranty set forth in this Section 10 made by Accredited."  (Ex. 1, MLPA § 10; Mem. 16.)[5]

Plaintiff concedes that no such representations or warranties are "set forth in this Section 10."

Plaintiff now takes the position that Accredited's representations in the Accredited

Assignment, Assumption and Recognition Agreement (the "Accredited AARA") are

incorporated by reference in Section 10.  (Opp. 10.)  This obfuscates the fact that plaintiff *never*

cited the Accredited AARA in either the repurchase demand (Compl. Ex. 3) or the complaint.

(Compl. ¶¶ 52-59.)  MSMC has no obligation to guess which representations plaintiff intended to

cite with respect to these loans.[6]  See Lan Sang v. Ming Hai, 951 F. Supp. 2d 504, 527 (S.D.N.Y.

2013) ("Without stating which specific terms of the contract have been breached, a complaint

fails to provide the defendant with sufficient notice to defend the claim.").

Furthermore, the claims on Accredited loans are time-barred because MSMC was never

given either notice that Accredited had failed to fulfill its repurchase obligations "within the

---

[5] MSMC also has no obligation to repurchase Fremont Mortgage Loans and WMC Mortgage Loans, which are not MSMCH Represented Mortgage Loans.  (Ex. 1, MLPA §§ 1, 10.)  MSMC is not aware that any of the 1,620 noticed loans are Fremont or WMC Mortgage Loans, but in the event the Court allows plaintiff's claims to proceed against any non-noticed loans, it reserves its right to challenge any future claim based on such loans.

[6] Although plaintiff claims the "two sets of representations and warranties are not meaningfully different" (Opp. 11-12 n.7), the Accredited AARA contains 62 different representations, while MSMC only made 27 representations in Section 10 of the MLPA.  Moreover, there are clear differences between the representations and warranties in the Accredited AARA and the MLPA.  For example, the Accredited AARA represented that Accredited Mortgage Loans had been originated in compliance with Accredited's underwriting guidelines (Decl. of Justin M. Ellis Ex. A, Accredited AARA at Ex. B, ¶¶ (t), (v)), while MSMC made no representation regarding compliance with particular underwriting guidelines. (Ex. 1, MLPA § 10.)

period specified in the [Accredited AARA]" (Ex. 1, MLPA § 10), or time to cure after that

period had elapsed.  See ACE Sec. Corp., 112 A.D.3d at 522-23.  Plaintiff concedes that MSMC

had no knowledge of the Trustee's correspondence with Accredited, but attempts to rewrite its

complaint to allege that MSMC should have known that Accredited could not repurchase any

loans because it had been discharged in bankruptcy.  These attempted revisions are not only

improper, see Maxim Grp. LLC v. Life Partners Holdings, Inc., 690 F. Supp. 2d 293, 308

(S.D.N.Y. 2010) ("[A] party cannot amend its pleading through its opposition brief . . . ."), but

irrelevant:  nothing about the Accredited bankruptcy could put MSMC on notice that "the period

specified in the [Accredited AARA]" had begun or ended.  Plaintiff complains that MSMC is

seeking "a second 90-day cure period after the first 90-day cure period expires" (Pl.'s Br. at 12),

but MSMC is merely seeking the single 90-day cure period to which the parties agreed, which is

triggered "in the event that Accredited fails to cure, substitute or repurchase an Accredited

Mortgage Loan within the period specified in the [Accredited AARA]."  (Ex. 1, MLPA § 10.)

Plaintiff's implausible reading would mean that the contract was designed to require MSMC to

repurchase Accredited Loans either concurrently with Accredited, without knowing whether

Accredited would fulfill its obligations, or on the same day that Accredited's 90-day period

expired without a cure.  These sophisticated parties could not have intended, at the time the

contract was written in 2007, for MSMC to have *no* time to remedy Accredited's failure to

repurchase, or for MSMC to be in default of its contractual obligations if it did not *immediately*

repurchase loans on the very same day that it learned that Accredited had failed to do so.  The

only reasonable construction is that MSMC's cure period begins *after* Accredited's ends.

9

IV.    PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD
       FAITH AND FAIR DEALING MUST BE DISMISSED

Finally, plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed as duplicative.  Plaintiff does not dispute that this claim is "based upon the same facts" as its breach of contract claims.  See Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002).  Under New York law, such a claim must be dismissed as redundant or duplicative.  See Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc., No. 13 Civ. 6482, 2014 WL 3819356, at *5 (S.D.N.Y. Aug. 4, 2014) ("Where, as here, the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of  an express provision of the underlying contract, a claim for breach of the implied covenant will be dismissed as redundant.") (internal quotation marks omitted); ACE Sec. Corp. Home Equity Loan Trust Series 2007-ASAP2 v. DB Structured Prods., Inc., No. 651936/2013, slip op. at 9 (N.Y. Sup. Ct. N.Y. Cnty. Aug. 28, 2014) (Weinstein Reply Decl. Ex. 7) (dismissing the plaintiff's claim for breach of the implied covenant of good faith and fair dealing in a repurchase litigation because the claim was "duplicative of the first cause of action for breach of contract").[7]

## CONCLUSION

For the reasons stated above, defendant respectfully requests that this Court dismiss this action in its entirety with prejudice.

---

[7] This claim cannot be pled in the alternative where it is clearly governed by the parties' contract.  See Randall v. Guido, 238 A.D.2d 164, 164 (1st Dep't 1997).

Dated:   New York, New York       DAVIS POLK & WARDWELL LLP
         October 3, 2014

                                   By:   /s/ Brian S. Weinstein
                                       James P. Rouhandeh
                                     Brian S. Weinstein
                                     Carissa M. Pilotti
                                     Elisabeth Grippando

                                   450 Lexington Avenue
                                   New York, New York 10017
                                   (212) 450-4000
                                   rouhandeh@davispolk.com
                                   brian.weinstein@davispolk.com
                                   carissa.pilotti@davispolk.com
                                   elisabeth.grippando@davispolk.com

                                   Attorneys for Defendant

11