**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DEUTSCHE BANK NATIONAL TRUST :
COMPANY, solely in its capacity as Trustee :
for the MORGAN STANLEY :
STRUCTURED TRUST I 2007-1, :
:
                   Plaintiff, :   No. 14 Civ. 3020 (LTS)
:
:   <u>**ANSWER AND AFFIRMATIVE**</u>
       - against - :   <u>**DEFENSES TO COMPLAINT**</u>
:
:
MORGAN STANLEY MORTGAGE :
CAPITAL HOLDINGS LLC, as Successor- :
by-Merger to MORGAN STANLEY :
MORTGAGE CAPITAL INC., :
:
              Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Morgan Stanley Mortgage Capital Holdings LLC, as successor-by-merger to

Morgan Stanley Mortgage Capital Inc. ("Morgan Stanley") answers the Complaint filed by

plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee for the

Morgan Stanley Structured Trust I 2007-1, as follows:

1.    Morgan Stanley denies the allegations in paragraph 1, except admits that Morgan

Stanley was the Sponsor for the securitization of the Morgan Stanley Structured Trust I 2007-1

(the "Trust"), as described in the governing agreements and the Trust's offering documents, and

respectfully refers the Court to those documents for their contents.

2.    Morgan Stanley denies the allegations in paragraph 2, except admits that the

Mortgage Loan Purchase Agreement dated as of July 6, 2007 (the "MLPA") contains certain

representations and warranties made by Morgan Stanley and provides for Morgan Stanley to

repurchase certain loans under certain circumstances.  Morgan Stanley respectfully refers the

Court to the MLPA and the Pooling and Servicing Agreement dated as of June 1, 2007 (the "PSA") for their contents.

3.     Morgan Stanley denies the allegations in paragraph 3 regarding any purported preliminary investigation or forensic review for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, and otherwise denies the allegations in paragraph 3.

4.     Morgan Stanley denies the allegations in paragraph 4.

5.     Morgan Stanley denies the allegations in paragraph 5, except admits that the Trustee purports to bring this action for alleged breaches of certain representations and warranties contained in the MLPA, and respectfully refers the Court to the MLPA for its contents.

6.     Morgan Stanley denies the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, except admits that Deutsche Bank National Trust Company is the Trustee for the Trust.

7.     Morgan Stanley admits the allegations in paragraph 7.

8.     No response to paragraph 8 is necessary or required because it contains legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 8.

9.     No response to paragraph 9 is necessary or required because it contains legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 9.

10.     Morgan Stanley denies the allegations in paragraph 10 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

11.     Morgan Stanley denies the allegations in paragraph 11, except admits that payments on the Certificates were related to payments made by borrowers on the underlying mortgages, and respectfully refers the Court to the PSA for a description of the structure of the transaction.

12.     Morgan Stanley denies the allegations in paragraph 12 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

13.     Morgan Stanley denies the allegations in paragraph 13 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

14.     Morgan Stanley denies the allegations in paragraph 14 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

15.     Morgan Stanley denies the allegations in paragraph 15 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

16.     Morgan Stanley denies the allegations in paragraph 16 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

17.     Morgan Stanley denies the allegations in paragraph 17 to the extent that they are inconsistent with the MLPA and the PSA, and respectfully refers the Court to the referenced documents for their contents.

18.     Morgan Stanley denies the allegations in paragraph 18.

19.     Morgan Stanley denies the allegations in paragraph 19.

20.     Morgan Stanley denies the allegations in paragraph 20, except admits that Morgan Stanley conducted certain due diligence in connection with certain loans underlying the Trust, and respectfully refers the Court to the Prospectus Supplement, dated July 5, 2007, for a general description of Morgan Stanley's due diligence practices.

21.     Morgan Stanley denies the allegations in paragraph 21 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

22.     Morgan Stanley denies the allegations in paragraph 22 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

23.     Morgan Stanley denies the allegations in paragraph 23.

24.     Morgan Stanley denies the allegations in paragraph 24 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

25.     No response to the allegations of paragraph 25 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 25.

26.     Morgan Stanley denies the allegations in paragraph 26.

27.     Morgan Stanley denies the allegations in paragraph 27 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

28.     No response to the allegations of paragraph 28 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 28.

29.     Morgan Stanley denies the allegations in paragraph 29 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

30.     Morgan Stanley denies the allegations in paragraph 30 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

31.     Morgan Stanley denies the allegations in paragraph 31 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

32.     Morgan Stanley denies the allegations in paragraph 32 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

33.     Morgan Stanley denies the allegations in paragraph 33 to the extent those allegations are inconsistent with the MLPA, except admits that Accredited Home Lenders, Inc. was an originator of certain Mortgage Loans (the "Accredited Mortgage Loans"), made certain representations and warranties with respect to the Accredited Mortgage Loans, and agreed to cure or repurchase the Accredited Mortgage Loans under certain circumstances.  Morgan Stanley otherwise respectfully refers the Court to the referenced document for its contents.

34.     No response to the allegations of paragraph 34 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 34.

35.     No response to the allegations of paragraph 35 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 35.

36.     Morgan Stanley denies the allegations in paragraph 36 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

37.     Morgan Stanley denies the allegations in paragraph 37 to the extent those allegations are inconsistent with the PSA, and respectfully refers the Court to the referenced document for its contents.

38.     Morgan Stanley denies the allegations in paragraph 38.

39.     No response to the allegations of paragraph 39 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 39.

40.     Morgan Stanley denies the allegations in paragraph 40 to the extent those allegations are inconsistent with the MLPA, and respectfully refers the Court to the referenced document for its contents.

41.     No response to the allegations of paragraph 41 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 41.

42.     No response to the allegations of paragraph 42 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 42.

43.     No response to the allegations of paragraph 43 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 43 and respectfully refers the Court to the MLPA and the PSA for their contents.

44.     Morgan Stanley denies the allegations in paragraph 44.

45.     Morgan Stanley denies the allegations in paragraph 45.

46.     Morgan Stanley denies the allegations in paragraph 46.

47.     Morgan Stanley denies the allegations in paragraph 47, except admits receipt of a letter dated April 4, 2013, and admits responding to such letter within 90 days of receipt by agreeing to repurchase 149 Mortgage Loans and rebutting all remaining allegations of breach. Morgan Stanley respectfully refers the Court to the April 4, 2013 letter and enclosure for their contents.

48.     Morgan Stanley denies the factual allegations in paragraph 48 for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, and respectfully refers the Court to the referenced documents for their contents.  To the extent the allegations in paragraph 48 contain legal arguments and conclusions of law, no response is required, but if one is deemed to be required, Morgan Stanley denies those allegations in paragraph 48.

49.     Morgan Stanley denies the allegations in paragraph 49 regarding any purported forensic analysis for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, and otherwise denies the allegations in paragraph 49.

50.     Morgan Stanley denies the allegations in paragraph 50 regarding any purported forensic review by the "Re-Underwriting Firm" for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, and otherwise denies the allegations in paragraph 50.

51.     Morgan Stanley denies the allegations in paragraph 51 regarding any purported findings of the "Re-Underwriting Firm" for lack of knowledge or information sufficient to form a belief as to the contents and basis of the allegations, and otherwise denies the allegations in paragraph 51.

52.     Morgan Stanley denies the allegations in paragraph 52.

53.     No response to the allegations in paragraph 53 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 53.

54.     No response to the allegations in paragraph 54 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 54 regarding alleged breaches of unidentified Loans A, B, C, and D for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 54.

55.     No response to the allegations in paragraph 55 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed

required, Morgan Stanley denies the allegations in paragraph 55 regarding any purported findings of the "Re-Underwriting Firm" and any alleged breaches of unidentified Loans E, F, and G for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 55.

56.     No response to the allegations in paragraph 56 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 56 regarding any purported findings of the "Re-Underwriting Firm" and any alleged breaches of unidentified Loans H, I , and J for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 56.

57.     No response to the allegations in paragraph 57 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 57 regarding any purported findings of the "Re-Underwriting Firm" and any alleged breaches of unidentified Loans K and L for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 57.

58.     No response to the allegations in paragraph 58 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 58 regarding any purported findings of the "Re-Underwriting Firm" and any alleged breaches of unidentified Loans M, N, and O for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 58.

59.　　No response to the allegations in paragraph 59 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 59 regarding any purported findings of the "Re-Underwriting Firm" and any alleged breaches of unidentified Loans P, Q, and R for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 59.

60.　　Morgan Stanley denies the allegations in paragraph 60.

61.　　Morgan Stanley denies the allegations in paragraph 61, except admits that the quoted language appears in the Prospectus Supplement, dated July 5, 2007, and respectfully refers the Court to the referenced document for its contents.

62.　　Morgan Stanley denies the allegations in paragraph 62 regarding any purported services provided by or findings made by the unidentified "reputable mortgage loan due diligence provider" for lack of knowledge or information sufficient to form a belief as to the contents and basis for the allegations, and otherwise denies the allegations in paragraph 62.

63.　　No response to the allegations in paragraph 63 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 63.

64.　　Morgan Stanley denies the allegations in paragraph 64.

65.　　No response to the allegations in paragraph 65 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 65.

66.     No response to the allegations in paragraph 66 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 66.

67.     Morgan Stanley denies the allegations in paragraph 67, and avers that it agreed within 90 days of receipt of the April 4, 2013 letter to repurchase 149 Loans.

68.     No response to the allegations in paragraph 68 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 68.

69.     No response to the allegations in paragraph 69 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 69.

70.     Morgan Stanley repeats and re-alleges its responses to every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     Morgan Stanley denies the allegations in paragraph 71, except admits that the MLPA contains certain representations and warranties made by Morgan Stanley.  Morgan Stanley respectfully refers the Court to the MLPA and the PSA for their contents.

72.     Morgan Stanley denies the allegations in paragraph 72, except admits that the MLPA provides for Morgan Stanley to repurchase certain loans under certain circumstances and respectfully refers the Court to the referenced document for its contents.

73.     No response to the allegation in paragraph 73 is necessary or required because it contains legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegation in paragraph 73.

74. No response to the allegations in paragraph 74 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 74.

75. No response to the allegations in paragraph 75 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 75.

76. No response to the allegations in paragraph 76 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 76.

77. No response to the allegations in paragraph 77 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 77.

78. No response to the allegations in paragraph 78 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 78, except admits receipt of a letter dated April 4, 2013, and respectfully refers the Court to the referenced document for its contents.

79. No response to the allegations in paragraph 79 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 79.

80. No response to the allegations in paragraph 80 is necessary or required because they contain legal arguments and conclusions of law. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 80.

81.	No response to the allegations in paragraph 81 is necessary or required because they contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 81.

82.	No response to the allegations in paragraph 82 is necessary or required because they contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 82.

83.	No response to the allegations in paragraph 83 is necessary or required because they contain legal arguments and conclusions of law.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 83

84.	Morgan Stanley repeats and re-alleges its responses to every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.	No response to the allegations in paragraph 85 is necessary or required because the Court dismissed Count Two.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 85, except admits that the MLPA contains certain representations and warranties made by Morgan Stanley.  Morgan Stanley respectfully refers the Court to the MLPA and the PSA for their contents.

86.	No response to the allegations in paragraph 86 is necessary or required because the Court dismissed Count Two.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 86, except admits that the MLPA provides for Morgan Stanley to repurchase certain loans under certain circumstances and respectfully refers the Court to the referenced document for its contents.

87. No response to the allegations in paragraph 87 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 87.

88. No response to the allegations in paragraph 88 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 88.

89. No response to the allegations in paragraph 89 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 89, except admits receipt of a letter dated April 4, 2013, and respectfully refers the Court to the referenced document for its contents.

90. No response to the allegations in paragraph 90 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 90.

91. No response to the allegations in paragraph 91 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 91.

92. No response to the allegations in paragraph 92 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 92.

93. No response to the allegations in paragraph 93 is necessary or required because the Court dismissed Count Two. To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 93.

94.     No response to the allegations in paragraph 94 is necessary or required because the Court dismissed Count Two.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 94.

95.     No response to the allegations in paragraph 95 is necessary or required because the Court dismissed Count Two.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 95.

96.     Morgan Stanley repeats and re-alleges its responses to every allegation contained in the foregoing paragraphs as if fully set forth herein.

97.     No response to the allegations in paragraph 97 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 97, except admits that the MLPA contains certain representations and warranties made by Morgan Stanley.  Morgan Stanley respectfully refers the Court to the MLPA for its contents.

98.     No response to the allegations in paragraph 98 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 98 to the extent they are inconsistent with the MLPA and respectfully refers the Court to the referenced document for its contents.

99.     No response to the allegations in paragraph 99 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 99.

100.     No response to the allegations in paragraph 100 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 100.

101.     No response to the allegations in paragraph 101 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 101.

102.     No response to the allegations in paragraph 102 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 102.

103.     No response to the allegations in paragraph 103 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 103.

104.     No response to the allegations in paragraph 104 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 104.

105.     No response to the allegations in paragraph 105 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 105.

106.     No response to the allegations in paragraph 106 is necessary or required because the Court dismissed Count Three.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 106.

107.     Morgan Stanley repeats and re-alleges its responses to every allegation contained in the foregoing paragraphs as if fully set forth herein.

108.     No response to the allegations in paragraph 108 is necessary or required because the Court dismissed Count Four.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 108.

109.    No response to the allegations in paragraph 109 is necessary or required because the Court dismissed Count Four.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 109.

110.    No response to the allegations in paragraph 110 is necessary or required because the Court dismissed Count Four.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 110.

111.    No response to the allegations in paragraph 111 is necessary or required because the Court dismissed Count Four.  To the extent a response is deemed required, Morgan Stanley denies the allegations in paragraph 111.

## AFFIRMATIVE DEFENSES

Morgan Stanley asserts the following defenses and reserves the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these defenses, Morgan Stanley does not intend to suggest either that plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of plaintiff's prima facie case against Morgan Stanley.

## FIRST DEFENSE

Plaintiff has failed to state a claim against Morgan Stanley on which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### THIRD DEFENSE

Plaintiff is barred from recovery by its own inequitable conduct, including but not limited to plaintiff's unreasonable and unjustifiable interpretation of the relevant contractual provisions and failure to comply with the governing contracts.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged breaches of representations or warranties did not have a material and adverse effect on the value of plaintiff's interests in the related mortgage loans.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff is in breach of the relevant contracts.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of avoidable consequences and/or mitigation of damages.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the contractual remedies and limitations contained in the parties' agreements, and/or by plaintiff's failure to exhaust those remedies.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Morgan Stanley has cured the alleged breaches of representations and warranties.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Morgan Stanley was not the proximate cause of plaintiff's alleged loss, inasmuch as any loss in value of the Mortgage Loans was not caused by the alleged breaches of representations and warranties, but instead was due to other factors, including, among other things, the real-estate market crash and economic downturn, which included, but was not limited to, borrowers' loss of income or other assets and the precipitous decline in housing values.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by N.Y. Judiciary Law § 489.

## THIRTEENTH DEFENSE

Plaintiff's claims for prejudgment interest should be dismissed because any claim for interest is precluded by the governing contracts and the amount of damages (if any) was not readily ascertainable at the time plaintiff's lawsuit was commenced.

## FOURTEENTH DEFENSE

Plaintiff cannot be granted some or all of the relief it seeks because even if it were to prevail on the merits of its claims, the remedies it seeks are unavailable for its claims.

## FIFTEENTH DEFENSE

Morgan Stanley is entitled to recover contribution or indemnification from others for any liability incurred as a result of the misconduct alleged against Morgan Stanley.

## SIXTEENTH DEFENSE

Other parties not named in the Complaint may be indispensable parties to this action.

### SEVENTEENTH DEFENSE

Plaintiff lacks standing to assert its claims.

### EIGHTEENTH DEFENSE

Plaintiff lacks the capacity to bring this litigation.

### NINETEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, based on the terms of the governing contracts.

### TWENTIETH DEFENSE

Plaintiff's claims fail, in whole or in part, based on the disclosures in the offering documents.

### TWENTY-FIRST DEFENSE

Morgan Stanley is entitled to a setoff, recoupment, and/or offset from any recovery to which plaintiff may be found entitled.

### TWENTY-SECOND DEFENSE

Any alleged harm suffered by plaintiff or the Trust is the result of the conduct of third parties for which Morgan Stanley is not responsible.

### TWENTY-THIRD DEFENSE

As to any of plaintiff's causes of action against which the doctrine of assumption of risk applies, plaintiff assumed the risk of all alleged acts, injuries, and damages.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff seeks repurchase of loans that are no longer assets of the Trust.

## PRAYER FOR RELIEF

WHEREFORE, Morgan Stanley respectfully demands a judgment:

1.  dismissing the Complaint, and each and every cause of action set

    forth therein, with prejudice;

2.  awarding Morgan Stanley its costs of suit and attorneys' fees; and

3.  awarding Morgan Stanley such other and further relief as the Court

    deems just and proper.


Dated:   New York, New York
         April 17, 2015                    DAVIS POLK & WARDWELL LLP


                                           By:   /s/ Brian S. Weinstein
                                                 James P. Rouhandeh
                                                 Brian S. Weinstein
                                                 Carissa M. Pilotti
                                                 Elisabeth Grippando

                                           450 Lexington Avenue
                                           New York, New York 10017
                                           (212) 450-4000
                                           rouhandeh@davispolk.com
                                           brian.weinstein@davispolk.com
                                           carissa.pilotti@davispolk.com
                                           elisabeth.grippando@davispolk.com

                                           Attorneys for Defendant