UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
DEUTSCHE BANK NATIONAL TRUST          :
COMPANY, solely in its capacity as Trustee :
for the MORGAN STANLEY                :
STRUCTURED TRUST I 2007-1,            :
                                      :
                    Plaintiff,        :   No. 14 Civ. 3020 (LTS)
        - against –                   :
                                      :
MORGAN STANLEY MORTGAGE               :
CAPITAL HOLDINGS LLC, as Successor-   :
by-Merger to MORGAN STANLEY           :
MORTGAGE CAPITAL INC.,                :
                                      :
                    Defendant.        :
                                      :
------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MORGAN STANLEY
MORTGAGE CAPITAL HOLDINGS LLC'S MOTION TO STAY THIS ACTION
PENDING RESOLUTION OF ITS MOTION FOR SUMMARY JUDGMENT**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendant Morgan Stanley
Mortgage Capital Holdings LLC

Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") respectfully submits this memorandum of law in support of its motion to stay proceedings in this action pending the Court's decision on Morgan Stanley's summary judgment motion filed May 8, 2017.

## ARGUMENT

During the May 15, 2015 pre-trial conference, this Court set a summary judgment motion deadline 60 days following the close of expert discovery and set a final pre-trial conference date three months later. Pre-Trial Scheduling Order, dated May 15, 2015 ("Scheduling Order") (Dkt. No. 53), at 2, 8. However, the Court was clear that the trial preparation deadlines leading up to and including the final pre-trial conference were only to apply in the event that summary judgment motions were not filed. As the Court stated, there "would be a trial ready date <u>in the event that we don't end up going into summary judgment motion practice</u> for whatever reason and <u>if we are going into summary judgment motion practice the movant and I'm assuming both sides would agree to a stay of the trial preparation requirements pending adjudication of the summary judgment motion practice</u>." See May 15, 2015 Pre-Trial Conf. Tr. (Dkt. No. 54), at 6:12-7:1 (emphasis added). When Your Honor asked for "objections, comments, questions," plaintiff's counsel responded, "I think it sounds perfect, Judge." Id. at 7:19-20. The Scheduling Order provided: "If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant may so state in a separate MOTION FOR STAY, which must be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion." Scheduling Order at 2.

Morgan Stanley's motion for summary judgment <u>does</u> include arguments that would, if the motion were granted, obviate entirely the necessity of a trial in this matter. See Mem. of Law

in Support of Morgan Stanley's Motion for Summary Judgment ("SJ Mem.") at pp. 15-30. Accordingly, consistent with this Court's guidance, Morgan Stanley respectfully requests that the Court stay all pre-trial proceedings and deadlines until after Morgan Stanley's summary judgment motion is fully briefed and argued, and the Court determines whether a trial will even be necessary.

Morgan Stanley met and conferred with plaintiff Deutsche Bank National Trust Company ("Deutsche Bank" or the "Trustee") and requested that Deutsche Bank consent to a stay, in light of the Court's prior guidance and the fact that Morgan Stanley's motion included arguments that, if accepted, would dispose of the case entirely. Deutsche Bank declined to consent to a stay. Instead, Deutsche Bank submitted a letter brief on May 3, 2017, five days before Morgan Stanley's summary judgment motion was due, requesting that the Court defer summary judgment briefing and order this case to proceed directly to pre-trial proceedings and trial.[1] Morgan Stanley responded on May 4, 2017 (Dkt. No. 105), and on May 5, 2017, this Court issued an Order denying Deutsche Bank's request ("May 5 Order"). (Dkt. No. 108.)

The Court having preserved the schedule for Morgan Stanley's summary judgment motion, which will be fully briefed on July 24, 2017 (Dkt No. 104), Morgan Stanley respectfully submits that the Court should enter the stay of pre-trial deadlines that it anticipated the parties would agree to during the May 15, 2015 pre-trial conference. In the absence of a stay, all of the extensive and burdensome pre-trial work (including *in limine* motions, exhibit lists and objections, deposition designations and objections, witness lists, stipulations, proposed findings of fact and conclusions of law, and the parties' joint pre-trial statement) would be due *before Morgan Stanley's summary judgment motion is even fully briefed*, much less argued and decided.

---

[1] Deutsche Bank did not file this letter on the docket.

3

While Morgan Stanley's summary judgment motion will be fully briefed on July 24, 2017, in the absence of a stay the current Scheduling Order provides that the parties' pre-trial Preliminary Conference would be required to occur by *June 13, 2017* (see Scheduling Order ¶¶ 5, 9); motions *in limine* and other pre-trial motions would be due by *June 28, 2017* (id. ¶¶ 4, 9); the parties' Joint Pre-Trial Statement including, *inter alia*, statements of the legal and factual issues to be decided, witness lists, exhibit lists and objections, deposition designations and objections, and stipulations, would be due by *July 21, 2017* (id. ¶¶ 6, 9); and the parties' Proposed Findings of Fact and Conclusions of Law would also be due by *July 21, 2017* (id. ¶¶ 8, 9).  The Final Pre-Trial Conference would be scheduled to occur on July 28, 2017 (id. ¶ 9), just *four days* after Morgan Stanley's summary judgment motion would have been fully submitted, and presumably before the motion would have been argued and decided.

Morgan Stanley submits that all of this would be inconsistent with the Court's May 5 Order denying Deutsche Bank's request that the Court defer summary judgment briefing and require the parties to move directly towards trial.  Deutsche Bank made this request in a lengthy letter brief in which it argued that Morgan Stanley's summary judgment arguments are without merit.  Morgan Stanley strongly disagrees with that position, but in all events, the Court should have the opportunity to decide for itself whether a trial will be necessary before the parties and the Court (not to mention non-party witnesses, many of whom are *former* employees) undertake extensive and burdensome pre-trial preparations.  That enormous time and expense would have been completely unnecessary in the event that the Court grants Morgan Stanley's motion for summary judgment.  Presumably, this is precisely why the Court gave the guidance that it did during the May 15, 2015 conference, and why it denied Deutsche Bank's request to defer summary judgment practice and proceed directly to trial in its May 5 Order.  A stay of pre-trial

4

proceedings while Morgan Stanley's summary judgment motion is being decided is the natural corollary of the Court's May 5 Order.

In addition, not only does Morgan Stanley's motion for summary judgment include arguments that would dispose of the case entirely, but it also includes other arguments that would dramatically limit the scope and nature of any trial, in the event that the Court concludes that a trial is necessary at all.  The resolution of these arguments by the Court will determine, among other things:  whether or not the evidence at trial will include extensive fact-witness testimony and documentary evidence regarding alleged "gross negligence," or instead will consist primarily or exclusively of expert-witness testimony relating to whether the particular loans in Deutsche Bank's sample materially breached representations and warranties and resulted in damages (SJ Mem. at pp. 9-15); whether the vast majority of the alleged breaches fail as a matter of law because they are based on misinterpretations and misapplications of various contractual provisions (id. at pp. 30-38); and whether or not claims regarding loans originated by Accredited Home Lenders, Inc., Fremont Investment & Loan, and WMC Mortgage Corp. (approximately 40% of the loans in the Trust (Weinstein Declaration Ex. C at S-36)) are precluded (id. at pp. 38-40).[2]  For these reasons as well, conducting enormously burdensome pre-trial proceedings before the parties have any real idea of the scope and nature of the trial they are preparing for would be wasteful, inefficient, and senseless.

The decision whether to issue a stay "rests within a district judge's discretion." McKenzie v. Fishko, No. 12 Civ. 7297 (LTS) (KNF), 2014 WL 12539358, at *1 (S.D.N.Y. Mar. 6, 2014) (quoting Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)).  The Court considers five

---

[2] "Weinstein Declaration" refers to the Declaration of Brian S. Weinstein in Support of Defendant's Motion for Summary Judgment, dated May 8, 2017.

factors when determining whether a stay is appropriate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." APS Technology, Inc. v. Brant Oilfield Management & Sales, Inc., No. 13 CV6500-LTS-KNF, 2014 WL 12539360, at *1 (S.D.N.Y. July 23, 2014) (citing Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012)).

These factors weigh heavily in favor of granting a stay while the Court considers Morgan Stanley's motion for summary judgment.  Defendant, the Court, as well as the various non-party witnesses (primarily *former* employees of Morgan Stanley, some of whom have not been at Morgan Stanley for nearly a decade), have substantial interests in not having to expend enormous time and resources preparing for a trial that may never happen, or if it does, may be far more limited than Deutsche Bank currently contemplates.  In contrast, Deutsche Bank, which did not file its complaint until the last day of the limitations period (see SJ Mem. at 20 n.15), cannot genuinely claim prejudice from having to wait until the Court has an opportunity to consider and rule upon Morgan Stanley's summary judgment motion.  See, e.g., Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd., No. 01 Civ. 1044 (RJH)(HBP), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (finding that "a stay of several months" would cause little prejudice or hardship to plaintiff); McKenzie, 2014 WL 12539358, at *1 (holding that "a stay is not likely to prejudice or cause hardship to the Plaintiffs" because discovery had already concluded).  That is particularly the case here since, in the event that the case proceeds and Deutsche Bank can prove that Morgan Stanley is required to repurchase any mortgage loans, the contractual repurchase

price is defined to include accrued and unpaid interest that the Trust would otherwise be entitled to receive on the loans.  See SJ Mem. at 5.

Finally, there is no meaningful public interest in having this case proceed towards trial before this Court has an opportunity to determine whether trial is even necessary, and if so, whether it will be quite limited in scope or far more expansive.  And an "orderly and efficient use of judicial resources" also weighs in favor of a stay, see Riverkeeper, Inc. v. U.S. E.P.A., No. 06 Civ. 12987 (PKC), 2007 WL 4208757, at *2 (S.D.N.Y. Nov. 26, 2007), because there is no reason for the Court to adjudicate pre-trial disputes and motions with respect to a case that may be dismissed, or to do so with respect to issues or categories of loans that may be dismissed, resulting in a far more limited trial in the event that a trial occurs at all.

## CONCLUSION

In sum, for the reasons set forth above, and consistent with the May 5 Order and with this Court's prior guidance, Morgan Stanley respectfully requests that the Court stay all pre-trial deadlines and defer the remaining requirements of the Scheduling Order pending resolution of Morgan Stanley's motion for summary judgment.

Dated: New York, New York
May 8, 2017

DAVIS POLK & WARDWELL LLP

By:  /s/ Brian S. Weinstein
 Brian S. Weinstein
 Matthew Cormack
 Craig Cagney

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
brian.weinstein@davispolk.com
matthew.cormack@davispolk.com
craig.cagney@davispolk.com

*Attorneys for Defendan*t