

Lauren M. Weinstein
MoloLamken LLP
600 New Hampshire Ave, N.W.
Washington, D.C.  20037
T: 202.556.2018
F: 202.556.2001
lweinstein@mololamken.com
www.mololamken.com

December 14, 2017

VIA CM/ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007

      RE:    *Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC*, No. 14 Civ. 3020 (S.D.N.Y.)

Dear Judge Forrest:

      We represent plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 (the "Trustee").  We write in response to the December 8, 2017 letter from defendant Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley").

      Morgan Stanley requested that the Court defer resolution of its pending summary judgment motion in light of the First Department's recent decision in *Deutsche Bank National Trust Co. v. Barclays Bank PLC*, Nos. 651338/2013, 652001/2013, 2017 WL 6001819 (1st Dep't Dec. 5, 2017).  That request is a non-sequitur and should be denied.

      The summary judgment motion is fully briefed, and we understand the Court is in the process of ruling on it.  *Barclays* does not directly impact any of the issues raised in the motion because Morgan Stanley did not raise any statute of limitations argument in its motion.  It would be inefficient and prejudicial to now allow Morgan Stanley to inject new issues into the case, rather than resolve the pending motion and set the case for trial.

      Moreover, delaying resolution of this case due to *Barclays* is unwarranted as that case does not control the outcome here.  Under the facts recited by the First Department, this case is distinguishable from *Barclays*:  The overwhelming majority of the loans in this Trust (87%) were originated for non-California properties, more than half of the loans were originated by non-California lenders, and the governing agreements do not provide for the maintenance of notes in California.

      In any event, this Court need not follow the *Barclays* ruling because there is " 'persuasive evidence that the New York Court of Appeals . . . would reach a different conclusion' " than the First Department.  *Cornejo v. Bell*, 592 F.3d 121, 130 (2d Cir. 2010) (alteration in original).  For one thing, the New York Court of Appeals has never permitted courts to borrow the statute of

Hon. Katherine B. Forrest
December 14, 2017
Page 2 of 2

limitations from another state based on the residence of a plaintiff trustee suing solely in a representative capacity.

    For the foregoing reasons, the Court should deny Morgan Stanley's request.

                                                  Respectfully submitted,

                                                  Lauren M. Weinstein

cc:    All counsel of record