```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEUTSCHE BANK NATIONAL TRUST CO.,    :
solely in its capacity as Trustee for the    :
MORGAN STANLEY STRUCTURED TRUST I  :
2007-1,                                                               :
                                                                           :
                                          Plaintiff,            :        14-cv-3020 (KBF)
                                                                           :
            -v-                                                       :        ORDER
                                                                           :
MORGAN STANLEY MORTGAGE CAPITAL  :
HOLDINGS LLC, as Successor-by-Merger to :
MORGAN STANLEY MORTGAGE CAPITAL  :
INC.,                                                                  :
                                                                           :
                                          Defendant.        :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 19, 2017

KATHERINE B. FORREST, District Judge:

Plaintiff Deutsche Bank National Trust Co. ("Deutsche Bank" or "plaintiff") commenced this action against Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley" or "defendant") on April 28, 2014, bringing a total of four claims relating to the Morgan Stanley Structured Trust I 2007-1 ("MSST 2007-1" or the "Trust"). (See generally Compl., ECF No. 2.) The complaint alleges, in sum, that Morgan Stanley breached its contractual obligations by: (1) transferring into the Trust a large number of loans that breached its representations and warranties ("R&Ws") (Id. ¶¶ 70-83); (2) failing to cure or repurchase such breaching loans as required (Id. ¶¶ 84-94); and (3) failing to provide the Trustee with prompt written notice of such breaches (Id. ¶¶ 96-106).[1]

---

[1] The complaint further alleges that Morgan Stanley's conduct amounts to a breach of the implied covenant of good faith and fair dealing. (Id. ¶¶ 107-111.) Judge Swain dismissed that count on April 3, 2015, reasoning that "New York law . . . does not recognize a separate cause of action for breach of

On April 3, 2015, Judge Laura Taylor Swain issued a Memorandum Opinion & Order dismissing, inter alia, Counts Two and Three of the complaint (alleging failure to cure/repurchase and failure to provide written notice of breaches, respectively), reasoning that "the notice/cure/repurchase protocol is remedial and cannot constitute a basis for an independent breach." (ECF No. 47 at 13, 15 (internal citations omitted).)[2]  Judge Swain's opinion relied on a series of cases holding that "New York Law . . . does not recognize pre-suit remedial provisions as constituting separate promises which can serve as the basis for independent causes of action."  See, e.g., Lehman XS Trust, Series 2006-4N v. GreenPoint Mortg. Funding Inc., 991 F. Supp. 2d 472, 478 (S.D.N.Y. 2014) (internal citation omitted).

Subsequent to Judge Swain's ruling on the motion to dismiss, the First Department issued an opinion in Nomura Home Equity Loan, Inc. v. Nomura Credit & Capital, Inc., 133 A.D.3d 96 (N.Y. App. Div. 2015) that addressed substantially similar language in an RMBS contract.  In that case, the First Department held that a motions court had "erred in not allowing plaintiffs to pursue damages for defendant's failure to give prompt written notice after it discovered material breaches of the representations and warranties in section 8 of the MLPA."  Id., 133 A.D.3d at 108.[3]  In Morgan Stanley Mortg. Loan Tr. 2006-

---

the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." (ECF No. 47 at 15.)

[2] Judge Swain also dismissed Count Four (alleging breach of the implied covenant of good faith and fair dealing), reasoning that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  (ECF No. 47 at 15.)

[3] On December 12, 2017, the New York Court of Appeals issued an opinion regarding a separate question raised in Nomura, and affirmed the opinion as modified.  See Nomura Home Equity Loan,

2

13ARX v. Morgan Stanley Mortg. Capital Holdings LLC, 143 A.D.3d 1, 7 (N.Y. App. Div. 2016), the First Department relied on its decision in Nomura in holding that "a seller's failure to provide the trustee with notice of material breaches it discovers in the underlying loans states an independently breached contractual obligation, allowing a plaintiff to pursue separate damages." See also Bank of New York Mellon v. WMC Mortg., LLC, 151 A.D.3d 72, 81 (N.Y. App. Div. 2017) (holding, in accordance with Morgan Stanley and Nomura, that "the contractual obligation to notify was independent of the warranty obligations and that claims for failure to notify were not claims 'respecting a warranty breach' subject to the 'sole remedy' clause."); Law Debenture Tr. Co. of New York v. WMC Mortg., LLC, 2017 WL 3401254, at *19 (D. Conn. Aug. 8, 2017) (noting that "recent . . . decisions in the New York Appellate Division [have held] that a loan originator may be liable for failing to notify an RMBS trustee of mortgage breaches the originator knew or should have known about," and that such causes of action are "viable in law, and beyond the reach of the 'sole remedy' provision" in the underlying contracts).

As a result, the Court solicits the parties' views as to whether certain legal developments may/may not have rendered Judge Swain's decision to dismiss Count Three of the complaint (alleging failure to notify) incorrect. The Court would benefit from expedited briefing on the issues raised herein. The may, if they choose, submit letter briefs of not more than 10 pages on these issues not later than

---

Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l Ass'n v. Nomura Credit & Capital, Inc., 2017 WL 6327110 (N.Y. Dec. 12, 2017).

**Monday, January 8, 2018**.  The parties should include in their letters a discussion of how the re-insertion of Count Three into this case would impact their respective summary judgment arguments and whether additional briefing is required.

    SO ORDERED.

Dated:    New York, New York
             December 19, 2017

                                                        KATHERINE B. FORREST
                                                        United States District Judge