

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 646.710.4950
smolo@mololamken.com
www.mololamken.com

January 8, 2018

VIA CM/ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007

> RE: *Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC*, No. 14 Civ. 3020 (S.D.N.Y.)

Dear Judge Forrest:

We represent plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 (the "Trustee").  We respectfully submit this letter brief pursuant to this Court's December 19, 2017 Order directing the parties to provide our views regarding "whether certain legal developments . . . have rendered Judge Swain's decision to dismiss Count Three of the complaint (alleging failure to notify) incorrect."  Dkt. 138, at 3.  In light of recent legal developments, we respectfully request that this Court reinstate the Trustee's failure to notify claim.

### PRELIMINARY STATEMENT

This case concerns a residential mortgage-backed securitization ("RMBS") in which Morgan Stanley knowingly conveyed a pool of defective mortgage loans to the Morgan Stanley Structured Trust I 2007-1 (the "Trust") shortly before the real estate market collapsed.  Despite knowing that the majority of those loans breached multiple representations and warranties, Morgan Stanley failed to notify the Trustee of any breaches, in violation of its contractual obligations.

The Trustee brought this suit to enforce Morgan Stanley's contractual obligations, including its promise to provide notice of any breaches it discovered.  Expert reunderwriting has confirmed that most of the loans in the Trust materially breach one or more representations and warranties.  And discovery has revealed that Morgan Stanley was well aware of those breaches, but never notified the Trustee about them.

Nearly three years ago, in its motion to dismiss, Morgan Stanley argued that the duty to notify was merely part of the "remedial framework for addressing alleged underlying breaches of representations and warranties, not the basis for an independent claim." Dkt. 19, at 12. Judge Swain agreed and dismissed the claim.

As this Court is aware, the case law interpreting and applying New York law in RMBS cases has been developing substantially in the New York State courts. In the time since Judge Swain's 2015 ruling on the motion to dismiss, the First Department has issued at least three opinions disagreeing with Judge Swain's conclusion. In *Nomura Home Equity Loan, Inc. v. Nomura Credit & Capital, Inc.*, 133 A.D.3d 96 (1st Dep't 2015); *Morgan Stanley Mortgage Loan Trust 2006-13ARX v. Morgan Stanley Mortgage Capital Holdings LLC*, 143 A.D.3d 1 (1st Dep't 2016); and *Bank of New York Mellon v. WMC Mortgage, LLC*, 151 A.D.3d 72 (1st Dep't 2017), the First Department squarely held that the duty to notify, unlike the duty to repurchase, *is* a separate and independently enforceable obligation. Other New York courts and courts applying New York law have similarly held. And Morgan Stanley has acknowledged as much in multiple cases. Those legal developments render the initial ruling on the failure to notify claim incorrect. *See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) ("[T]he law of the case does not withstand an intervening change of controlling law." (internal quotation marks omitted)).

Reinstating that claim would not affect the arguments on summary judgment, nor would it require additional discovery or briefing. For one thing, as the summary judgment briefing makes clear, whether Morgan Stanley knew of breaches is a question that was explored at length in discovery and already has been fully briefed. *See* Tr. Opp. 27-30.[1] For another, it is undisputed that Morgan Stanley never provided any notice of breaches despite its contractual obligation to do so. Reinstating the failure to notify claim thus will not inject any new disputed issues into the summary judgment briefing that have not been addressed already.

The failure to notify claim thus should be reinstated.

## STATEMENT OF FACTS

I. **BACKGROUND**

   A. **Morgan Stanley's Contractual Obligations**

As the Sponsor of the Morgan Stanley Structured Trust I 2007-1 securitization, Morgan Stanley acquired and conveyed to the Trust approximately 4,374 mortgage loans. *See* Pl.'s 56.1 Resp. ¶¶ 1-2, 8. In the relevant securitization agreements, Morgan Stanley made or stood behind

---

[1] "MS Br." refers to Morgan Stanley's memorandum in support of its motion for summary judgment, "Tr. Opp." refers to the Trustee's opposition to that motion, "MS Reply" refers to Morgan Stanley's reply in support of its motion for summary judgment, "Pl.'s 56.1 Resp." refers to Plaintiff's Response to Defendant's Local Civil Rule 56.1 Statement of Undisputed Material Facts and Plaintiff's Statement of Additional Facts, and "Weinstein Decl." refers to the Declaration of Brian S. Weinstein in support of Morgan Stanley's motion. Each of those documents was filed under seal with redacted copies publicly filed on the docket.

2

an extensive series of representations and warranties guaranteeing that the loans in the Trust had certain characteristics. *See* Weinstein Decl. Ex. F ("MLPA") § 10(a), (b)(1)-(24); Weinstein Decl. Ex. I Ex. B. To back up those representations and warranties, Morgan Stanley agreed to repurchase any loan that materially breached "a representation or warranty set forth in this Section 10 [of the MLPA], within 90 days from the date of discovery by [Morgan Stanley], or the date [Morgan Stanley] is notified . . . of such breach." MLPA § 10.

Morgan Stanley separately promised to provide notice of any breaches it discovered: "Upon discovery . . . of a breach of any representation or warranty of MSMCH set forth in this Section 10 which materially and adversely affects the value of the interests of the Purchaser . . . , the party discovering or receiving notice of such breach shall give prompt written notice to the others." MLPA § 10.

### B. Morgan Stanley's Breaches of Its Contractual Obligation To Provide Notice of Breaching Loans

This case provides a poignant example of why a separate failure to notify claim is appropriate. This securitization was one of the last three RMBS Morgan Stanley sponsored before the market collapsed. *See* Tr. Opp. 3; Pl.'s 56.1 Resp. ¶ 129. Because of its role as Sponsor in this securitization and its own due diligence, Morgan Stanley was well aware that the pool of loans it conveyed to the Trust was rife with breaches of representations and warranties. *See* Pl.'s 56.1 Resp. ¶¶ 2, 137-149 (evidence of Morgan Stanley's knowledge of breaches). Among other things, Morgan Stanley has acknowledged publicly that it knew that "loans that did not comply with underwriting guidelines and lacked adequate compensating factors and/or had understated loan-to-value ratios were included in the RMBS sold." *Id.* ¶ 157.

Despite knowing about numerous breaches, Morgan Stanley has never notified the Trustee of any breaching loans in the Trust. Due to Morgan Stanley's failure to provide that contractually required notice, the Trustee did not become aware of the risk of breaches until years later. In April 2013, after a certificateholder in the Trust notified the Trustee of potential material and adverse breaches of representations and warranties by Morgan Stanley in 1,620 loans in the Trust, the Trustee began demanding that Morgan Stanley repurchase breaching loans. Pl.'s 56.1 Resp. ¶¶ 59-60. Morgan Stanley refused to repurchase all but a small handful of loans. *Id.* ¶ 63.

## II. PROCEEDINGS BEFORE THIS COURT

### A. The Trustee's Complaint and the Motion To Dismiss

In light of Morgan Stanley's refusal to repurchase nearly all of the breaching loans in the Trust, the Trustee filed a timely complaint, alleging, as relevant here, that Morgan Stanley breached its representations and warranties (Count One) and failed to provide prompt written notice of breaches it discovered (Count Three). Dkt. 2 ¶¶ 70-83, 96-106. Morgan Stanley moved to dismiss. Dkt. 18.

Among other things, Morgan Stanley argued that Count Three, the failure to notify claim, was duplicative of the Trustee's claim for breaches of representations and warranties. Dkt. 19, at 12. The duty to notify, Morgan Stanley argued, "is the remedial framework for addressing

3

alleged underlying breaches of representations and warranties, not the basis for an independent claim." *Id.* Morgan Stanley also argued that, even if the duty to notify was a separate obligation, any breach of that obligation was subject to the sole remedy of repurchase under the securitization agreements. *Id.* at 14-15.

### B. Judge Swain's Ruling on the Motion To Dismiss

Judge Swain denied the motion in part and granted it in part. As relevant here, Judge Swain dismissed the failure to notify claim, holding that Morgan Stanley's "alleged failure to comply with its cure or repurchase obligations does not give rise to a separate breach of contract." Dkt. 47, at 14 (internal quotation marks omitted).

Relying on decisions from other courts in this district that had "consistently held that 'the failure to cure or repurchase does not constitute an independent breach of the contract under New York law,'" Judge Swain held that, like the repurchase obligation, the duty to notify "'merely provides for a remedy in the event of a breach.'" Dkt. 47, at 13-14 (citations omitted). Judge Swain thus held that "the notice/cure/repurchase protocol is remedial and cannot constitute a basis for an independent breach separate and apart from the alleged underlying breaches of representations and warranties." *Id.* at 13 (internal quotation marks omitted). Judge Swain concluded that Count Three "fail[ed] to state [a] valid cause[ ] of action and must be dismissed." *Id.* at 14.[2]

## ARGUMENT

### I. THE FAILURE TO NOTIFY CLAIM SHOULD BE REINSTATED

#### A. The First Department Has Correctly Ruled That the Duty To Notify Is a Separate Obligation, Not Part of the Repurchase Remedy

In the time since Judge Swain ruled on the motion to dismiss, the First Department has ruled – in ***three different cases*** – that the duty to notify is a separate obligation that gives rise to an independent breach. The First Department has expressly rejected the argument Morgan Stanley advanced on the motion to dismiss and Judge Swain embraced: that the duty to notify is merely part of the remedial mechanism in RMBS transactions, not an independent obligation. The ruling on the motion to dismiss is at odds with those controlling decisions.

In *Nomura Home Equity Loan, Inc. v. Nomura Credit & Capital, Inc.*, 133 A.D.3d 96 (1st Dep't 2015), the First Department held that, notwithstanding a sole remedies clause limiting the remedy for breach of representations and warranties to repurchase of defective loans, a plaintiff may "seek damages . . . for failure to give prompt written notice after discovering material breaches of the representations and warranties." *Id.* at 110. In reaching that conclusion, the court acknowledged that *ACE Securities Corp. v. DB Structured Products Inc.*, 25 N.Y.3d 581

---

[2] Because she dismissed the failure to notify claim, Judge Swain did not address Morgan Stanley's alternative argument that the sole remedies clause in the MLPA limits the Trustee's recovery on such a claim. *See* Dkt. 47, at 14. As explained below, that argument has since been rejected by the First Department. *See* pp. 5, 6, 8, *infra*.

(2015), precludes a separate claim for *failure to repurchase*, holding that the motion court "correctly declined to permit plaintiffs to pursue damages for defendant's failure to repurchase defective loans." *Nomura*, 133 A.D.3d at 108 (citing *ACE*, 25 N.Y.3d at 589). But the court refused to extend *ACE*'s reasoning to claims for *failure to notify*, holding that the motion court "erred in not allowing plaintiffs to pursue damages for defendant's failure to give prompt written notice after it discovered material breaches." *Id.*

The First Department reaffirmed *Nomura*'s holding in *Morgan Stanley Mortgage Loan Trust 2006-13ARX v. Morgan Stanley Mortgage Capital Holdings LLC*, 143 A.D.3d 1 (1st Dep't 2016) ("*ARX*"). Citing *Nomura*, the court held that a "defendant's alleged breach of its contractual duty to notify the Trustee of defective loans gives rise to an *independent, separate claim* for breach of the parties' agreements." *ARX*, 143 A.D.3d at 3-4 (emphasis added). "[A] seller's failure to provide the trustee with notice of material breaches it discovers in the underlying loans states an *independently breached contractual obligation*, allowing a plaintiff to pursue separate damages." *Id.* at 7 (emphasis added).

More recently, in *Bank of New York Mellon as Securities Administrator for the J.P. Morgan Mortgage Acquisition Trust 2006-WMC2 v. WMC Mortgage, LLC*, 151 A.D.3d 72 (1st Dep't 2017), the First Department reinstated a failure to notify claim, citing its decisions in *Nomura* and *ARX*. As the court explained, "both [*ARX*] and *Nomura* found that the contractual obligation to notify was independent of the warranty obligations and that claims for failure to notify were not claims 'respecting a warranty breach' subject to the 'sole remedy' clause." *Id.* at 81. The court thus held that the "'sole remedy' clause in the PSA d[id] not bar [the] cause of action" for failure to notify. *Id.*

Even before the First Department decided *ARX* and *Bank of New York Mellon*, Morgan Stanley admitted in a case pending in Part 60 of the Commercial Division of the New York Supreme Court that, under *Nomura*, "a plaintiff can bring a claim for damages based on breach of the obligation to provide notice of loans that the defendant knew were in breach." Oct. 20, 2015 Tr. at 7, *Deutsche Bank Nat'l Trust Co. as Trustee of the MSAC 2007-NC4 Trust v. Morgan Stanley Mortg. Capital Holdings LLC*, No. 652877/2014 (Sup. Ct. N.Y. Cnty.), Dkt. 78 (admitting that plaintiff's "failure to notify claim should proceed past the motion to dismiss"). And in briefing in two other cases pending in Part 60 regarding when a failure to notify claim accrues, Morgan Stanley has never disputed that New York courts now recognize that breach of the duty to notify gives rise to a separate, independent cause of action for breach of contract. *See, e.g.*, Mem. of Law in Support of Renewed Mot. To Dismiss at 6, *Fed. Hous. Fin. Agency as Conservator for the Fed. Home Loan Mortg. Corp. on behalf of the Trustee of the MSAC 2007-NC1 Trust v. Morgan Stanley ABS Capital I Inc.*, No. 650291/2013 (Sup. Ct. N.Y. Cnty. Dec. 9, 2016), Dkt. 148 (acknowledging that *Nomura* held that "plaintiffs are permitted 'to pursue damages for [a] defendant's failure to give prompt written notice'" and that *ARX* "reaffirmed this holding"); Mem. of Law in Support of Renewed Mot. To Dismiss at 6, *Fed. Hous. Fin. Agency as Conservator for the Fed. Home Loan Mortg. Corp. on behalf of the Trustee of the MSAC 2007-NC3 Trust v. Morgan Stanley Mortgage Capital Holdings LLC.*, No. 651959/2013 (Sup. Ct. N.Y. Cnty. Dec. 9, 2016), Dkt. 129 (same).

Court after court has recognized that it is now well-settled New York law that the duty to notify is a separate obligation, which can give rise to a separate cause of action for breach of

contract. *See, e.g.*, *Natixis Real Estate Capital Trust 2007-HE2 v. Natixis Real Estate Holdings, LLC*, 149 A.D.3d 127, 139 (1st Dep't 2017) ("[A]lternative contractual obligations give rise to separate and distinct claims for breach of contract."); *U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 147 A.D.3d 79, 85 (1st Dep't 2016) (similar); *Law Debenture Trust Co. of N.Y. v. WMC Mortg., LLC*, No. 3:12-CV-1538 (CSH), 2017 WL 3401254, at \*19 (D. Conn. Aug. 8, 2017) ("These Appellate Division cases hold that . . . the duty to notify exists independently of the sole remedy provision in the repurchase context.").[3] This Court should do the same.

### B. The Ruling on the Motion To Dismiss Is Inconsistent with First Department Precedent, Which This Court Is Bound To Follow

Judge Swain's ruling on the motion to dismiss is directly at odds with the First Department's decisions in *Nomura*, *ARX*, and *Bank of New York Mellon*. Judge Swain held that the duty to notify was "remedial and cannot constitute a basis for an independent breach separate and apart from the alleged underlying breaches of representations and warranties." Dkt. 47, at 13 (internal quotation marks omitted). That conclusion has since been squarely rejected. The First Department could hardly have been more clear: "[B]reach of [the] contractual duty to notify the Trustee of defective loans gives rise to an ***independent, separate claim*** for breach of the parties' agreements." *ARX*, 143 A.D.3d at 3-4 (emphasis added). And that independent claim for failure to notify is not "subject to the 'sole remedy' clause." *Bank of N.Y. Mellon*, 151 A.D.3d at 81.

As one federal court has already recognized in denying a defendant's motion for summary judgment on a failure to notify claim, the First Department's rulings in *ARX, Nomura*, and *Bank of New York Mellon* "are propositions of governing New York law for Rule 56 purposes." *Law Debenture Trust Co. of N.Y.*, 2017 WL 3401254, at \*19. This Court is "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (finding "no such evidence"); *see also 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 120 n.10 (2d Cir. 2011) (similar); *McCavitt v. Swiss Reinsurance Am. Corp.*, 237 F.3d 166, 168 (2d Cir. 2001) (similar).

---

[3] *See also, e.g.*, *Bank of N.Y. Mellon as Sec. Adm'r for the J.P. Morgan Mortg. Acquisition Trust 2006-WMC3 v. WMC Mortg., LLC*, 53 Misc. 3d 967, 980-82 (Sup. Ct. N.Y. Cnty. 2016) (explaining that "prior to [*ARX*] (and certainly prior to *Nomura*), this court would have held that the sole remedy provision in the subject PSA precludes BONY's claim . . . for failure to notify" because the "notification obligation is merely part of the repurchase protocol and, thus, under *ACE*, cannot form the basis of an independent cause of action," but that *ARX* "altered the failure to notify landscape," thus "BONY's failure to notify claim . . . must be permitted to proceed"). Even before *Nomura*, many courts agreed that the duty to notify was a separately enforceable contractual obligation. *See, e.g.*, *Residential Funding Co. v. Acad. Mortg. Corp.*, 59 F. Supp. 3d 935, 952 (D. Minn. 2014) (breach of duty to notify "occurred, if at all, after the sale of a loan" and therefore "the statute of limitations would not begin to run until some later date"); *MASTR Asset Backed Sec. Trust 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg., LLC*, 983 F. Supp. 2d 1104, 1114 (D. Minn. 2013) (allowing failure to notify claim); *Home Equity Mortg. Trust Series 2006-5 v. DLJ Mortg. Capital, Inc.*, No. 653787/2012, 2013 WL 5314331, at \*6 (Sup. Ct. N.Y. Cnty. Sept. 18, 2013) (similar).

6

There is no evidence that the Court of Appeals would reach a different conclusion here. Indeed, that court has already had at least one opportunity to reverse the First Department's ruling in this regard and declined to do so. The appellate process has run its course in *Nomura*: The New York Court of Appeals issued an opinion on an entirely different issue but did not disturb the First Department's failure to notify holding. *See Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l Ass'n v. Nomura Credit & Capital, Inc.*, No. 39, 2017 WL 6327110, at *1 (N.Y. Dec. 12, 2017); *see also* Dkt. 138, at 2 n.3 (recognizing same). In *ARX*, although the Court of Appeals granted review on the unrelated issue of whether gross negligence can render a sole remedies clause unenforceable, "an agreement in principle to settle th[e] action ha[s] been reached," and "the parties intend to withdraw the appeal" shortly, once the settlement is finalized. Pl.'s 56.1 Resp. ¶ 162. And leave to appeal to the Court of Appeals was denied in *Bank of New York Mellon*. No. M-3371, 2017 WL 5180570 (1st Dep't Nov. 9, 2017).

It is now abundantly clear that, under New York law, the duty to notify – unlike the duty to repurchase – *is* a separate obligation, not part of the remedial mechanism in RMBS transactions. *See Nomura*, 133 A.D.3d at 108, 110. That ruling makes perfect sense. Unlike the duty to repurchase, which New York courts have ruled is not a separate contractual duty, the duty to notify is a "distinct promise of future performance." *ACE*, 25 N.Y.3d at 595. It is an ongoing commitment to provide prompt written notice whenever a party discovers a breaching loan. *See* MLPA § 10. That obligation is not a mere procedural step in the repurchase remedy for breaches of representations and warranties. *See id.*

Moreover, under the contrary rule, responsible parties like Morgan Stanley would have no incentive whatsoever to comply with their notice obligations. If they discovered a breach, they would simply conceal the breach and wait for the six-year limitations period for repurchase claims to expire. *See MASTR*, 983 F. Supp. 2d at 1113-14 ("[I]f failure to notify was not a breach of the contract, then WMC would have had no incentive to notify the Trustee of any breach it discovered, preventing the Trustee from being able to seek the remedies of cure, substitution or repurchase."). That is precisely why the parties bargained for a distinct and separately enforceable duty to notify.

Judge Swain's ruling is incorrect in light of the First Department's decisions in *Nomura*, *ARX*, and *Bank of New York Mellon*.

II. **REINSTATING THE TRUSTEE'S FAILURE TO NOTIFY CLAIM WOULD NOT AFFECT MORGAN STANLEY'S PENDING MOTION FOR SUMMARY JUDGMENT**

None of the issues raised in Morgan Stanley's motion for summary judgment would be affected by the reinstatement of the Trustee's claim for failure to notify. Morgan Stanley's arguments lack merit for the reasons described in the Trustee's Opposition. Reinstating the failure to notify claim would not affect those arguments in any way.

Morgan Stanley's primary argument on summary judgment is that the sole remedies clause of the MLPA prohibits sampling. MS Br. 9-13. In its opposition, the Trustee pointed out that not only is that assertion wrong as a matter of contract interpretation, *see* Tr. Opp. 13-16, it also fails because the sole remedies clause is unenforceable due to Morgan Stanley's gross

7

negligence, *see id.* at 16-21. Reinstating the failure to notify claim would not make Morgan Stanley's position any better.

To the extent it would affect the argument at all, reinstating the failure to notify claim would merely add another reason why the sole remedies clause does not limit the Trustee's recovery in this case. "[B]oth [*ARX*] and *Nomura* found that the contractual obligation to notify was independent of the warranty obligations and that claims for failure to notify were not claims 'respecting a warranty breach' subject to the 'sole remedy' clause." *Bank of N.Y. Mellon*, 151 A.D.3d at 81. Like the agreements addressed in *Nomura*, *ARX*, and *Bank of New York Mellon*, the MLPA provides that repurchase shall be the "sole and exclusive remedy under this Agreement or otherwise ***respecting a breach of representations and warranties***." MLPA § 10 (emphasis added). Because failure to notify claims are not claims "respecting a breach of representations and warranties," *see Bank of N.Y. Mellon*, 151 A.D.3d at 81, reinstating the claim would not provide any basis for summary judgment with regard to the propriety of sampling.

Morgan Stanley next argues that the Trustee has not shown notice or discovery of breaches. MS Br. 15-24. The parties' arguments on summary judgment with regard to whether Morgan Stanley independently discovered breaches present the same issues and the same evidence as the Court can expect to see at trial on the failure to notify claim. While Morgan Stanley asserts that it "did not discover any of the alleged breaches," MS Reply Br. 11, the Trustee has presented significant evidence demonstrating that it did, *see* Tr. Opp. 27-30; *see also* p. 3, *supra*. Reinstating the failure to notify claim will not affect resolution of that issue – either way, the Trustee expects to prove Morgan Stanley's discovery of breaches at trial.[4]

Morgan Stanley's remaining arguments would likewise be unaffected by the reinstatement of the failure to notify claim. Morgan Stanley argues that the Trustee's expert opinion is too conclusory to establish material breaches of representations and warranties, MS Br. 24-30; that the Trustee has misconstrued various representations and warranties, *id.* at 30-38; and that Morgan Stanley is not required to repurchase breaching loans originated by Accredited, Fremont, and WMC, *id.* at 38-40. Those issues – at base – concern whether the Trustee can prove breaches of representations and warranties. Because the Trustee has to prove breaches of representations and warranties for both the existing breach of contract claim and the claim for breach of the duty to notify, reinstating Count Three would not affect the resolution of those arguments.

Reinstating the failure to notify claim also would not require any additional summary judgment briefing with respect to that claim. The Trustee's failure to notify claim requires proof of (1) an enforceable contract containing a promise to notify of breaching loans upon discovery; (2) discovery of breaching loans by the defendant; (3) failure to provide the contractually required notice; and (4) damages. *See* Dkt. 2 ¶¶ 96-106. Each of those elements either is already

---

[4] Morgan Stanley's arguments concerning the sufficiency of the Trustee's breach notices, *see* MS Br. 15-24, are obviously irrelevant to whether Morgan Stanley fulfilled its own duty to notify.

adequately covered by the existing summary judgment briefing or presents no conceivable basis for summary judgment in Morgan Stanley's favor.[5]

With respect to the first element, there is no dispute that the governing agreements are valid and enforceable contracts, and the First Department has now repeatedly held that the duty to notify imposed by such contracts is an independently enforceable contractual obligation. With respect to the second element, although the parties dispute whether Morgan Stanley discovered the breaching loans, that dispute is already fully addressed in the existing briefing on the claim for breaches of representations and warranties, as explained above. There is no reason or need to brief that issue again merely because it is now relevant to the failure to notify claim as well.

As for the third element, there is no dispute that Morgan Stanley did not, in fact, provide notice of breaching loans to the Trustee. That is unsurprising given that even now, faced with overwhelming evidence of breaches, Morgan Stanley continues to deny that any exist. *See* Tr. Opp. 7. There is thus no basis for summary judgment briefing on that issue either.

Finally, there is no colorable basis for summary judgment on the issue of damages. Morgan Stanley did not move for summary judgment on damages with respect to the breach of representations and warranties claim. And the same evidence of damages on that claim is also sufficient to show damages from Morgan Stanley's failure to notify. Had Morgan Stanley notified the Trustee of breaches by the Closing Date, when it had already discovered them, it would have been obligated to repurchase the loans within 90 days. *See* MLPA § 10. That is precisely the scenario one of the Trustee's expert's damages calculations reflects: It calculates damages from the Closing Date of the securitization, by which time Morgan Stanley had discovered breaches, plus the 90-day cure or repurchase period provided for in the MLPA. *See* Weinstein Decl. Ex. X ¶ 49; MLPA § 10.[6] As Morgan Stanley implicitly recognized by not moving for summary judgment on damages on the breach of representations and warranties claim, genuine issues of material fact remain. For that reason too, reinstating the failure to notify claim would not present any basis for Morgan Stanley to raise additional summary judgment issues.

Accordingly, there are no additional issues that would need to be briefed if the Trustee's failure to notify claim were reinstated.[7] This case should thus be permitted to proceed to trial on both the breach of representation and warranty and failure to notify claims.

---

[5] Consistent with its position that this case should proceed as expeditiously as possible to trial, *see* Dkt. 108, the Trustee does not presently intend to move for summary judgment on any issues related to its failure to notify claim if that claim is reinstated.

[6] Although the evidence shows that Morgan Stanley discovered breaches at least by the Closing Date, the Trustee reserves its rights to argue that Morgan Stanley also discovered breaches after the Closing Date of the securitization. *See, e.g.*, Tr. Opp. 3 (discussing Morgan Stanley's post-closing discovery of breaches); Pl.'s 56.1 Resp. ¶ 140 (similar).

[7] If this Court disagrees, the Trustee respectfully requests that any briefing occur simultaneously with pre-trial preparation to allow this case to proceed to trial as expeditiously as possible.

## CONCLUSION

The Trustee's claim for failure to notify (Count Three) should be reinstated.

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo

cc (by email and CM/ECF):

Brian S. Weinstein
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendant Morgan Stanley Mortgage Capital Holdings LLC*