| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>DEUTSCHE BANK NATIONAL TRUST CO.,　　　:<br>solely in its capacity as Trustee for the　　　　　:<br>MORGAN STANLEY STRUCTURED TRUST I　:<br>2007-1,　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Plaintiff,　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　-v-　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　:<br>MORGAN STANLEY MORTGAGE CAPITAL　　:<br>HOLDINGS LLC, as Successor-by-Merger to　　　:<br>MORGAN STANLEY MORTGAGE CAPITAL　　:<br>INC.,　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Defendant.　　　　　　:<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>January 10, 2018</u><br><br><br><br>14-cv-3020 (KBF)<br><br><u>OPINION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

Plaintiff Deutsche Bank National Trust Co. ("DB" or "plaintiff"), in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 ("MSST 2007-1" or the "Trust") commenced this action against Morgan Stanley Mortgage Capital Holdings LLC ("MSMC" or "defendant") on April 28, 2014. (See Compl., ECF No. 2.) The complaint included three distinct contract claims arising out of the MSST 2007-1 securitization: (1) MSMC's breach of certain representations and warranties ("R&Ws") contained in the Trust's governing agreements (the "R&W Claim") (Id. ¶¶ 70-83); (2) MSMC's failure to cure/repurchase breaching loans (the "Cure Claim") (Id. ¶¶ 84-94); and (3) MSMC's failure to notify DB of such breaches (the "Notice Claim") (Id. ¶¶ 96-106).[1]

---

[1] The complaint included a fourth claim alleging a breach of the implied covenant of good faith and fair dealing. (Id. ¶¶ 107-111.) That claim was properly dismissed, and is not at issue here.

On April 3, 2015, Judge Laura Taylor Swain[2] issued a Memorandum Opinion & Order dismissing, inter alia, the Cure and Notice Claims. (See generally ECF No. 47.) Relying on a series of cases holding that contractual remedy provisions do not provide a basis for independent breach of contract claims, Judge Swain held that "the notice/cure/repurchase protocol is remedial and cannot constitute a basis for an independent breach." (ECF No. 47 at 13, 15 (internal citations omitted).) The R&W claim remained, and proceeded to discovery.

On December 19, 2017, this Court issued an Order soliciting the parties' views as to whether certain legal developments in the years following Judge Swain's Memorandum Opinion & Order had rendered her decision to dismiss the Notice Claim incorrect. (See ECF No. 138.) The parties submitted dueling briefs on that issue on January 8, 2018. (ECF Nos. 139, 140.)

Having carefully reviewed the parties' respective briefs and the relevant case law, this Court is convinced that the Notice Claim should be reinstated. Accordingly, the Court's prior Memorandum Opinion & Order at ECF No. 47 is hereby VACATED to the extent it dismisses Count III of the complaint, and Count III is REINSTATED.

I. LEGAL PRINCIPLES

It is well-settled that "New York law . . . does not recognize pre-suit remedial provisions as constituting separate promises which can serve as the basis for

---

[2] This case was originally assigned to Judge Laura Taylor Swain. The case was transferred to the undersigned for all purposes on September 11, 2017.

2

independent causes of action." Lehman XS Trust, Series 2006-4N v. GreenPoint Mortg. Funding, Inc., 991 F. Supp. 2d 472, 478 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).  In the RMBS context, the New York Court of Appeals ("Court of Appeals") has held that a sponsor's cure/repurchase obligation is "dependent on, and indeed derivative of [the sponsor's] representations and warranties", and therefore "could not reasonably be viewed as a distinct promise of future performance."  ACE Sec. Corp. v. DB Structured Prod., Inc., 25 N.Y.3d 581, 596, 36 N.E.3d 623 (2015).  Numerous courts applying New York law have relied on those principles in concluding that breach of an RMBS cure/repurchase obligation does not give rise to a separate cause of action.  See, e.g., ACE Sec. Corp. Home Equity Loan Tr., Series 2007-HE3 v. DB Structured Prod., Inc., 5 F. Supp. 3d 543, 552 (S.D.N.Y. 2014) (collecting cases).

It is also true that multiple Courts have applied those principles to RMBS notice provisions, which require a sponsor to notify a Trustee or some other party of breaches in an underlying loan pool and are often included in conjunction with the cure/repurchase obligation.  See, e.g., FHFA v. WMC Mortgage, LLC, 2015 WL 9450833 (S.D.N.Y. July 10, 2015) (concluding that contractual duty to notify was "an obligation dependent on and derivative of" the underlying representations and warranties).  Indeed, Judge Swain did so in this very case, concluding that because the Notice Claim was based on a "pre-suit remedial provision", it "fail[ed] to state [a] valid cause[] of action."  (See ECF No. 47 at 14.)

3

However, since Judge Swain issued her decision, multiple New York appellate courts have held that notice provisions, unlike cure/repurchase obligations, do provide a basis for separate breach of contract claims.  In Nomura Home Equity Loan, Inc. v. Nomura Credit & Capital, Inc., 133 A.D.3d 96, 108 (N.Y. App. Div. 2015) ("Nomura I"), the First Department held that a motions court had "erred in not allowing plaintiffs to pursue damages for defendant's failure to give prompt written notice after it discovered material breaches of the representations and warranties in section 8 of the MLPA."  At least two courts have explicitly adopted this reasoning, holding in sum and substance that "a seller's failure to provide the trustee with notice of material breaches it discovers in the underlying loans states an independently breached contractual obligation." Morgan Stanley Mortg. Loan Tr. 2006-13ARX v. Morgan Stanley Mortg. Capital Holdings LLC, 143 A.D.3d 1, 7 (N.Y. App. Div. 2016) ("13ARX"); see also Bank of New York Mellon v. WMC Mortg., LLC, 151 A.D.3d 72, 81 (N.Y. App. Div. 2017) (holding that "the contractual obligation to notify was independent of the warranty obligations").

The "law of the case" doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  Accordingly, "courts are understandably reluctant to open a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court", Lillbask ex rel. Mauclaire v. Connecticut Department of Education, 397 F.3d 77, 94 (2d Cir. 2005) (internal quotations and citation omitted).  That said, "[a]pplication of

4

the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2001) (internal quotations and citations omitted). Put simply, "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." Arizona, 460 U.S. at 618 (citations omitted).

II. DISCUSSION

At the time Judge Swain dismissed the Notice Claim, there was substantial support for the proposition that RMBS notice clauses, which are often written and designed to work in conjunction with cure/repurchase protocols, could not sustain an independent breach of contract claim. But as the parties are aware, the law governing and interpreting RMBS contracts has been developing, and subsequent developments are at direct odds with Judge Swain's decision. In at least three cases, the First Department has clearly and unequivocally held that notice clauses, unlike cure/repurchase protocols, are independent of the underlying R&Ws and therefore can be independently breached. See Nomura I, 133 A.D.3d at 108; 13ARX, 143 A.D.3d at 7; Bank of New York Mellon, 151 A.D.3d at 81.

When applying state law, this Court is "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010). Here, there is no persuasive evidence to suggest that the Court of Appeals would reverse the aforementioned First Department holdings. In fact, the Court of Appeals has already had one occasion to reconsider

5

the relevant portion of the First Department's holding in Nomura I, but declined to do so, instead affirming the First Department's opinion as modified on separate grounds.  See Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l Ass'n v. Nomura Credit & Capital, Inc., 2017 WL 6327110 (N.Y. 2017) ("Nomura II").

MSMC argues that the First Department's decision in Nomura I (which, according to MSMC, was "unelaborated and unpersuasive" and subsequently repeated without justification in 13ARX and Bank of New York Mellon), is at direct odds with the Court of Appeals' holding in ACE.  (See Def.'s Letter, ECF No. 140 at 5.)  But that is simply not true.  To start, the ACE decision does not purport to conclusively establish what types of breach of contract claims can or cannot be brought in RMBS actions.  The key question in that case was the date of accrual for a breach of contract claim, and although the court did state that the sponsor's "cure or repurchase obligation could not reasonably be viewed as a distinct promise of future performance", that holding was made in the context of deciding whether the statute of limitations had expired.  See ACE, 25 N.Y.3d at 595.  Second, the ACE decision deals exclusively with a cure/repurchase protocol; there was no notice claim at issue, and the court did not have occasion to pass upon the propriety of an independent notice claim.

It is thus clear that the First Department's decisions in Nomura I, 13ARX, and Bank of New York Mellon are not directly contradicted by the Court of Appeals' decision in ACE.  And given that the Court of Appeals has subsequently affirmed

6

Nomura I without disturbing the relevant ruling, there is in fact persuasive evidence that those cases were decided correctly. See generally Nomura II, 2017 WL 6327110. The Court need not address at this time any implications this holding (or any of the First Department's holdings) may have on the statute of limitations for RMBS breach of contract claims—those issues have not been fully briefed.

In light of the foregoing, this Court is convinced that subsequent developments in the law have rendered Judge Swain's decision to dismiss the Notice Claim incorrect. And because the parties have agreed that re-insertion of the Notice Claim would not require any additional discovery or supplemental briefing on MSMC's pending motion for summary judgment, the Court concludes that it would not be unjust to revive the Notice Claim at this stage.

III. CONCLUSION

For the reasons stated above, this Court hereby VACATES the Memorandum Opinion & Order at ECF No. 47 to the extent it dismisses Count III of Deutsche Bank's complaint. Count III, alleging breach of contract based on Morgan Stanley's failure to notify Deutsche Bank of material breaches in the underlying loan pool, is accordingly REINSTATED in this case.

SO ORDERED.

Dated: New York, New York
January 10, 2018

_____
KATHERINE B. FORREST
United States District Judge