UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
DEUTSCHE BANK NATIONAL TRUST :
COMPANY, solely in its capacity as Trustee :
for the MORGAN STANLEY :
STRUCTURED TRUST I 2007-1, :
: No. 14 Civ. 3020 (KBF)
          Plaintiff, :
   - against – :
:
MORGAN STANLEY MORTGAGE :
CAPITAL HOLDINGS LLC, as Successor- :
by-Merger to MORGAN STANLEY :
MORTGAGE CAPITAL INC., :
:
          Defendant. :
:
---------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC'S
## <u>MOTION FOR RECONSIDERATION</u>

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendant Morgan Stanley
Mortgage Capital Holdings LLC

Pursuant to Local Civil Rule 6.3, Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") respectfully submits this memorandum of law in support of its motion for reconsideration of the Opinion and Order dated January 10, 2018 (Dkt. No. 141) (the "Order").

**ARGUMENT**

On December 19, 2017, the Court instructed the parties to submit simultaneous letter briefs on January 8, 2018 addressing whether Judge Swain's decision to dismiss Count Three of plaintiff's complaint ("failure to notify") was rendered incorrect under New York law in light of subsequent First Department decisions recognizing an independent claim for failure to notify. See Dec. 19, 2017 Order (Dkt. No. 138). In plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") brief, it argued that the Court of Appeals "has already had at least one opportunity to reverse the First Department's ruling in this regard and declined to do so. The appellate process has run its course in Nomura: The New York Court of Appeals issued an opinion on an entirely different issue but did not disturb the First Department's failure to notify holding." Pl.'s Letter Br. at 7 (Dkt. No. 139). The Order adopted Deutsche Bank's argument in assessing the likelihood that the Court of Appeals would recognize an independent claim for failure to notify. See Order at 5-6 ("Here, there is no persuasive evidence to suggest that the Court of Appeals would reverse the aforementioned First Department holdings. In fact, the Court of Appeals has already had one occasion to reconsider the relevant portion of the First Department's holding in Nomura I, but declined to do so, instead affirming the First Department's opinion as modified on separate grounds.") (citing Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc., 2017 WL 6327110 (N.Y. Dec. 12, 2017) ("Nomura II")); Order at 6-7 ("It is thus clear that the First Department's decisions in Nomura I, 13ARX, and Bank of New York Mellon are *not* directly contradicted by the Court of

2

Appeals' decision in ACE. And given that the Court of Appeals has subsequently affirmed Nomura I without disturbing the relevant ruling, there is in fact persuasive evidence that those cases were decided correctly.").

Deutsche Bank's assertion that the Court of Appeals "declined" to overturn the First Department's failure to notify holding was inaccurate. The defendant in Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc., 133 A.D.3d 96 (1st Dep't 2015) ("Nomura I"), never sought and never obtained leave to appeal the failure to notify ruling. Because Nomura I was not a final determination of the case, defendant Nomura Credit & Capital Inc. ("NCCI") could only pursue an interlocutory appeal to the Court of Appeals after obtaining the First Department's permission, pursuant to the First Department's rules. See C.P.L.R. § 5602. Under those rules, the party moving for leave to appeal must "set forth the questions of law to be reviewed by the Court of Appeals." 22 N.Y.C.R.R. § 600.14(b). NCCI only sought permission to appeal Nomura I's holding regarding the "No Untrue Statement" provision. See Notice of Mot. for Leave to Appeal at 1 (Weinstein Decl. Ex. A) (moving for "an order pursuant to CPLR § 5602(b), granting leave for Nomura to appeal to the Court of Appeals the holdings . . . which reversed the IAS Court's dismissal of the causes of action and claims based on alleged breaches of the No Untrue Statement Provision").[1] Therefore, that was the only issue that the parties briefed before the Court of Appeals. See Br. for Def.-Appellant at 11 (Weinstein Decl. Ex. B) (defining the "Question Presented"); see generally Joint Br. for Pls.-Resp'ts (Weinstein Decl. Ex. C); Reply Br. for Def.-Appellant (Weinstein Decl. Ex. D). And it was the only issue the Court of Appeals considered. Nomura II, 2017 WL 6327110, at *1

---

[1] "Weinstein Decl. Ex." refers to the exhibits attached to the January 12, 2018 Declaration of Brian S. Weinstein. Morgan Stanley respectfully requests leave to submit this declaration because it compiles relevant court filings that are not readily available in commercial electronic databases.

3

("[W]e are asked to decide whether claims for general contract damages based on alleged breaches of a 'no untrue statement' provision can withstand a motion to dismiss based on a contract provision mandating cure or repurchase as the sole remedy for breaches of mortgage loan-specific representations and warranties."); see also In re 381 Search Warrants Directed to Facebook, Inc., 29 N.Y.3d 231, 248 n.7 (2017) ("This Court generally refrains from addressing issues not argued by the parties . . . ."); Misicki v. Caradonna, 12 N.Y.3d 511, 519 (2009) (refusing to consider issue "never so much as hinted must less claimed *before us*" and noting that litigants "expect us to decide their appeals on rationales advanced by the parties"). The decretal language at the end of Nomura II reinforces that the Court of Appeals only addressed the issues raised by NCCI's appeal, and was not offering an opinion on any other issues decided in Nomura I. See Nomura II, 2017 WL 6327110, at *6 ("[T]he Appellate Division order *insofar as appealed from* should be modified, without costs, in accordance with this opinion and, as so modified, affirmed . . . ." (emphasis added)).

Accordingly, it was inaccurate for Deutsche Bank to argue that the Court of Appeals "had at least one opportunity to reverse the First Department's ruling in this regard and declined to do so." Pl.'s Letter Br. at 7 (Dkt. No. 139). The Court of Appeals had no occasion to review the First Department's failure to notify ruling because that issue was not appealed, and thus the Court of Appeals did not "decline" to reverse it. There can be no inference from Nomura II that the Court of Appeals approved Nomura I's failure to notify ruling. See Chianese v. Meier, 285 A.D.2d 315, 321 (1st Dep't 2001) ("Since this particular [issue] was neither raised by the parties nor considered by the Court in Rangolan, we cannot assume that the Court of Appeals by implication rejected its application in circumstances such as these."), modified on other grounds,

4

98 N.Y.2d 270, 276 (2002) ("[O]ur decision in Rangolan does not resolve this question . . . . [The issue] was neither raised by the parties nor addressed by the Court.").

Insofar as Nomura II's silence on the issue is irrelevant to predicting how the Court of Appeals would view an independent failure to notify claim, ACE Securities Corp. v. DB Structured Products, Inc., 25 N.Y.3d 581 (2015) ("ACE"), remains the most relevant decision. While the Court has concluded that ACE does not directly contradict the First Department's holding, Morgan Stanley respectfully submits—for the reasons set forth in its January 8 letter brief—that the rationale of ACE is more consistent with the conclusion that an independent failure to notify claim does not exist than with the conclusion reached by the First Department, which is not supported by anything in the Court of Appeals' decisions. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 739 F.3d 45, 48-51 (2d Cir. 2013) (concluding that First Department decision was not binding because it was inconsistent with the rationale of prior Court of Appeals' decisions, even though "[t]he New York Court of Appeals has not been presented with this precise issue"). Morgan Stanley therefore respectfully requests that, in light of Deutsche Bank's inaccurate description of the posture of Nomura II, this Court reconsider its Order and affirm Judge Swain's dismissal of Count Three. See Schoolcraft v. City of New York, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) ("A motion for reconsideration is properly granted where 'the moving party can point to controlling . . . data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995))).

## CONCLUSION

For the reasons set forth above, Morgan Stanley respectfully requests that the Court reconsider its Order reinstating Count Three of Deutsche Bank's complaint.

Dated: New York, New York
January 12, 2018

DAVIS POLK & WARDWELL LLP

By: /s/ Brian S. Weinstein
Brian S. Weinstein
Craig T. Cagney

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
brian.weinstein@davispolk.com
craig.cagney@davispolk.com

*Attorneys for Defendant*