UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEUTSCHE BANK NATIONAL TRUST CO.,
solely in its capacity as Trustee for the
MORGAN STANLEY STRUCTURED TRUST I
2007-1,

                                      Plaintiff,

                 -v-

MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS LLC, as Successor-by-Merger to
MORGAN STANLEY MORTGAGE CAPITAL
INC.,

                                    Defendant.
------------------------------------------------------------ X

14-cv-3020 (KBF)

MEMORANDUM
DECISION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2018

KATHERINE B. FORREST, District Judge:

      By Opinion & Order dated January 10, 2018, this Court vacated Judge Laura Taylor Swain's[1] 2015 decision to dismiss Count III of the Complaint in this action (the "Notice Claim"). (ECF No. 141.) Currently pending before the Court is defendant's motion for reconsideration of that decision. (ECF No. 142.) Plaintiff filed an opposition on January 26, 2018 (ECF No. 147), and defendant replied on January 29, 2018 (ECF No. 148).

      For purposes of the pending motion, the Court assumes general familiarity with the underlying facts of this action[2], as well as the nature and history of the Notice Claim, which alleges that defendant breached its contractual obligation to

---

[1] This case was originally assigned to Judge Laura Taylor Swain. The case was transferred to the undersigned for all purposes on September 11, 2017.

[2] For an overview of the relevant factual allegations, the Court refers the reader to its January 10, 2018 Opinion & Order reviving Count III (ECF No. 141) as well as its January 25, 2018 Opinion & Order denying defendant's motion for summary judgment (ECF No. 145).

notify plaintiff of certain material breaches in the underlying loan pool. (See Compl. ¶¶ 96-106, ECF No. 2.) In dismissing the Notice Claim, Judge Swain relied on a series of cases holding that contractual remedy provisions do not provide a basis for independent breach of contract claims, stating "the notice/cure/repurchase protocol is remedial and cannot constitute a basis for an independent breach." (ECF No. 47 at 13, 15 (internal citations omitted).

This Court's decision to vacate Judge Swain's dismissal (and thus revive the Notice Claim) was based on certain changes/clarifications in New York law. Specifically, at least three courts have clearly and unequivocally held that RMBS notice provisions, distinct from cure/repurchase obligations, do provide a basis for separate breach of contract claims. See Nomura Home Equity Loan, Inc. v. Nomura Credit & Capital, Inc., 133 A.D.3d 96, 108 (1st Dept. 2015) ("Nomura I"); Morgan Stanley Mortg. Loan Tr. 2006-13ARX v. Morgan Stanley Mortg. Capital Holdings LLC, 143 A.D.3d 1, 7 (1st Dept. 2016) ("13ARX"); Bank of New York Mellon v. WMC Mortg., LLC, 151 A.D.3d 72, 81 (1st Dept. 2017). Those decisions undercut Judge Swain's decision, which conflated the notice provision and cure/repurchase protocol as part of the same remedial provision. (See ECF No. 47 at 15.)

As this Court noted in its January 10, 2018 Opinion & Order, it is "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010). There is no such evidence here. Defendant once again points to the Court of Appeals' decision in

2

ACE Sec. Corp. v. DB Structured Prod., Inc., 25 N.Y.3d 581, 596 (2015) ("ACE") as persuasive evidence that the Court of Appeals would reach a different conclusion. But as this Court previously explained, the ACE decision dealt exclusively with a cure/repurchase protocol, not a notice provision or failure to notice claim like the one at issue here.

This Court rejects defendant's argument that the ACE decision "is more consistent with rejecting [the existence of an independent failure to notify claim] than with recognizing it." (ECF No. 148 at 2.) As the Court explained in its Opinion & Order denying defendant's motion for summary judgment (ECF No. 145), there is a difference between what is required to trigger the Repurchase Protocol (e.g., proper "notice"), and what is required to actually fulfill the Repurchase Protocol (e.g., cure, repurchase, or substitution). It therefore makes sense that plaintiff would have an independent breach of contract claim for failure to notify, but not for failure to cure/repurchase under the remedial protocol. Given the fact that ACE does not directly address that question, and given the three clear First Department decisions in Nomura I, 13ARX, and Bank of New York Mellon, the Court remains persuaded that is the correct interpretation of New York law as it currently stands.

The Court need not resolve the apparent dispute regarding the nature of the Court of Appeals' decision in Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc., 2017 WL 6327110 (N.Y. Dec. 12, 2017) ("Nomura II"). Even if the Court of Appeals was not empowered (or inclined) to address issues

not directly raised on appeal, it does not affect this Court's decision to revive the Notice Claim.  This Court is bound to apply First Department precedent "unless there is persuasive evidence that the state's highest court would reach a <u>different conclusion</u>."  <u>V.S.</u>, 595 F.3d at 432 (emphasis added).  Given that the Court does not view <u>ACE</u> as at all inconsistent with the First Department decisions in <u>Nomura I</u>, <u>13ARX</u>, and <u>Bank of New York Mellon</u>, and given that the Court <u>agrees</u> with the distinction between notice provisions and cure/repurchase protocols, there is no such persuasive evidence.  Defendant effectively argues that this Court should ignore the First Department decisions unless there is persuasive evidence that the Court of Appeals would <u>agree</u>.  That is not the correct standard, and the Court declines to adopt it here.

      Having concluded that there is no good cause to reverse the decision at ECF No. 141, the Court hereby DENIES defendant's motion for reconsideration at ECF No. 142.

      The Clerk of Court is directed to terminate all open motions.

      SO ORDERED.

Dated:    New York, New York
            January 31, 2018

                                        */s/ Katherine B. Forrest*
                                        KATHERINE B. FORREST
                                        United States District Judge