| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>DEUTSCHE BANK NATIONAL TRUST CO.,<br>solely in its capacity as Trustee for the<br>MORGAN STANLEY STRUCTURED TRUST I<br>2007-1,<br><br>                        Plaintiff,<br><br>                   -v-<br><br>MORGAN STANLEY MORTGAGE CAPITAL<br>HOLDINGS LLC, as Successor-by-Merger to<br>MORGAN STANLEY MORTGAGE CAPITAL<br>INC.,<br><br>                        Defendant.<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>February 12, 2018</u><br><br><br>14-cv-3020 (KBF)<br><br><u>MEMORANDUM<br>DECISION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

      The Court is in receipt of Morgan Stanley's motion for partial reconsideration of the Court's January 25, 2018 Opinion & Order denying its motion for summary judgment. (ECF No. 158.) Morgan Stanley argues, in sum, that the Court lacked jurisdiction to interpret a court-ordered stipulation (the "Accredited Release") that purportedly resolved certain claims that Deutsche Bank made in Accredited's bankruptcy proceedings. According to Morgan Stanley, the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") has exclusive jurisdiction over interpretation of the release. Because this argument lacks any merit, it is summarily denied as set forth below.

      The Court is confused by Morgan Stanley's argument. After all, Morgan Stanley put the interpretation of the Accredited Release in dispute by arguing that

it is entitled to summary judgment on all Accredited loans in the MSST 2007-1 pool based on the release.  To the extent Morgan Stanley's <u>real</u> argument is that this Court only has jurisdiction to enforce Morgan Stanley's preferred interpretation of the Accredited Release, that is plainly wrong.  Once a party has placed a live controversy before the Court involving contractual interpretation, the Court certainly has the jurisdiction to interpret it.

Second, the Court does not read the Accredited Release as precluding this Court's jurisdiction.  As relevant here, the Delaware Bankruptcy Court ordered that it "retain[ed] jurisdiction to interpret, implement, and enforce the provisions of this Order and the Stipulation."  (Weinstein Decl. Ex. LL ("Accredited Release") at 2, ECF No. 114-44.)  Nothing in the Delaware Bankruptcy Court's order explicitly or implicitly states that such jurisdiction should be "exclusive" of any other court's jurisdiction, and certainly not merely for reading the plain language of a contractual provision.  To the extent the parties have previously agreed that such jurisdiction should be exclusive, such agreement only reasonably extends to the circumstances that precipitated it (<u>e.g.</u>, Accredited's bankruptcy and related proceedings).

The cases cited by Morgan Stanley are inapposite and unpersuasive as applied to the present circumstances.  Morgan Stanley has not asserted that there are any ongoing proceedings in the Delaware Bankruptcy Court that would be upset by this Court's limited exercise of jurisdiction, and this Court is not persuaded that the Delaware Bankruptcy Court is in any better position to engage in the basic

2

interpretation which is necessary here.[1]  Further, it would not be in the interest of justice to stay these proceedings for the sole purpose of allowing the Delaware Bankruptcy Court to interpret the release.  Accordingly, the Court concludes that there is no good cause for reconsideration of its prior Opinion & Order, and summarily DENIES Morgan Stanley's motion for partial reconsideration at ECF No. 158.

The Clerk of Court is directed to terminate the open motion at ECF No. 158.

SO ORDERED.

Dated:	New York, New York
	February 12, 2018

	_____
	KATHERINE B. FORREST
	United States District Judge

---

[1] It is difficult to imagine how paragraph 12 of the Accredited Release, which states "[t]his stipulation is inapplicable and has no effect on any other trusts upon which DB serves as trustee but is not specifically referenced on the attached Exhibit A" could be any clearer.