UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, solely in its capacity as Trustee for the MORGAN STANLEY STRUCTURED TRUST I 2007-1,<br><br>                    Plaintiff,<br>    v.<br><br>MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, as Successor-by-Merger to MORGAN STANLEY MORTGAGE CAPITAL INC.,<br><br>                    Defendant. | No. 14-CV-3020 (KBF) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(c) and Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured I Trust 2007-1 (the "Trustee"), respectfully submits this response to defendant Morgan Stanley Mortgage Capital Holdings LLC's ("Morgan Stanley") Local Rule 56.1 Statement of Undisputed Material Facts in Support of Its Renewed Motion for Summary Judgment, and its own statement of additional material facts as to which it contends that there exist genuine issues to be tried. In addition, the Trustee incorporates herein the evidentiary support set forth in the February 15, 2018 Declaration of Robert K. Kry and the exhibits attached thereto.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT**

1.  Deutsche Bank National Trust Company ("DBNTC") is a California resident, with its principal place of business in Los Angeles, California. See Compl. ¶6 (Dkt. No. 2).

**Plaintiff's Response:** Undisputed.

2.  DBNTC is the trustee for the Morgan Stanley Structured Trust I 2007-1 ("MSST" or the "Trust"). See Compl. ¶6 (Dkt. No. 2).

**Plaintiff's Response:** Undisputed.

3.  MSST's "principal place of trust administration is in Santa Ana, California." See Compl. ¶6 (Dkt. No. 2); Prospectus Supplement, dated July 5, 2007 ("Pro. Supp.") at S-97 (Weinstein Decl. Ex. D).[1]

**Plaintiff's Response:** Disputed. MSST is the Trust; it does not administer the Trust. See PSA §1.01, at 53-54 (Weinstein Decl. Ex. B) (defining "Trust"). The Trustee's principal place of trust administration is in Santa Ana, California. Compl. ¶6 (Dkt. 2).

4.  MSST was established by a Pooling and Servicing Agreement ("PSA"), dated June 1, 2007. The loans were deposited into the Trust and the governing agreements were executed on the closing date of July 6, 2007. See PSA at 23 (Weinstein Decl. Ex. B); See Pro. Supp. at S-31 (Weinstein Decl. Ex. D).

**Plaintiff's Response:** Undisputed that a PSA, dated June 1, 2007, established the Trust; that the loans were deposited into the Trust on July 6, 2007; and that the governing agreements – the PSA and the Mortgage Loan Purchase Agreement ("MLPA") among EMC Mortgage Corporation as Mortgage Loan Seller, Morgan Stanley as Mortgage Loan Seller, and Bear

---

[1] "Weinstein Decl. Ex." refers to the exhibits to the February 5, 2018 Declaration of Brian S. Weinstein filed by Morgan Stanley.

Stearns Asset Backed Securities I LLC ("Bear Stearns") as Purchaser – were executed on the closing date of July 6, 2007.  *See* MLPA (Weinstein Decl. Ex. F, Compl. Ex. 1).  Disputed to the extent that Morgan Stanley implies that the Prospectus Supplement is a "governing agreement[ ]."  The Prospectus Supplement, which was dated June 26, 2007, is a pre-securitization statement of what Bear Stearns & Co. (the entity that prepared it) "expect[ed] to include in the pool of mortgage loans" that was conveyed to the Trust.  Weinstein Decl. Ex. D at S-1, S-30.  The document is not an "agreement" or contract, and it does not reflect the actual composition of the pool; it expressly provides that "[p]rior to the closing date of July 6, 2007, [the responsible entity] may remove mortgage loans from the mortgage pool," and "certain characteristics of the mortgage loans in the mortgage pool may vary."  *Id.*

5. Accredited Home Lenders, Inc. ("Accredited") originated approximately 37.14% of the loans in the Trust by principal balance.  See Pro. Supp. at S-4 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Undisputed insofar as the Mortgage Loan Schedule reflects that Accredited originated 37.14% of the loans in the Trust by principal balance.  *See* Kry Decl. Ex. 2 (Columns W and BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Columns G and BT) (MSM_MSSTI_20071_0003560).

6. Accredited was a California corporation.  See Pro. Supp. at S-42 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Undisputed that the Prospectus Supplement states that "Accredited Home Lenders, Inc. [is] a California corporation."  Weinstein Decl. Ex. D at S-42.

7.      First NLC Financial Services, LLC ("First NLC") originated approximately 54.95% of the loans in the Trust by principal balance.  See Pro. Supp. at S-4 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Disputed.  According to the Mortgage Loan Schedule, First NLC originated 54.98% of the loans in the Trust by principal balance.  *See* Kry Decl. Ex. 2 (Columns W and BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Columns G and BT) (MSM_MSSTI_20071_0003560).  The Prospectus Supplement, on which Morgan Stanley relies, expressly states that "[p]rior to the closing date of July 6, 2007, [the responsible entity] may remove mortgage loans from the mortgage pool," and "certain characteristics of the mortgage loans in the mortgage pool may vary."  Weinstein Decl. Ex. D at S-30.

8.      First NLC was a Florida limited liability company with its principal place of business in Florida.  See *First NLC Financial Services, LLC*, Florida Dep't of State, Div. of Corporations, http://search.sunbiz.org/inquiry/corporationsearch/bydocumentnumber (search for "L99000007784") (attached as Weinstein Decl. Ex. E).

**Plaintiff's Response:**  Undisputed that the website attached as Weinstein Declaration Exhibit E lists a Florida address as First NLC's "Principal Address."

9.      The Trust contains 562 loans (19.94% of the loans by principal balance) that encumber properties in California.  See Pro. Supp. at A-3 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Disputed.  According to the Mortgage Loan Schedule, 561 out of 4,373 loans in the Trust (19.91% of the loans by principal balance) encumber properties in California.  *See* Kry Decl. Ex. 2 (Columns C and W) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Columns G and CY) (MSM_MSSTI_20071_0003560).  The Prospectus Supplement, on which Morgan Stanley relies, expressly states that "[p]rior to the closing date of July 6, 2007,

[the responsible entity] may remove mortgage loans from the mortgage pool," and "certain characteristics of the mortgage loans in the mortgage pool may vary." Weinstein Decl. Ex. D at S-30.

10. The Trust contains 752 loans (17.88% of the loans by principal balance) that encumber properties in Florida. See Pro. Supp. at A-3 (Weinstein Decl. Ex. D).

**Plaintiff's Response:** Disputed. According to the Mortgage Loan Schedule, 754 out of 4,373 loans in the Trust (17.94% of the loans by principal balance) encumber properties in Florida. See Kry Decl. Ex. 2 (Columns C and W) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Columns G and CY) (MSM_MSSTI_20071_0003560). The Prospectus Supplement, on which Morgan Stanley relies, expressly states that "[p]rior to the closing date of July 6, 2007, [the responsible entity] may remove mortgage loans from the mortgage pool," and "certain characteristics of the mortgage loans in the mortgage pool may vary." Weinstein Decl. Ex. D at S-30.

11. No other state has more loans in the Trust encumbering properties in that state than California or Florida. See Pro. Supp. at A-3 (Weinstein Decl. Ex. D).

**Plaintiff's Response:** Undisputed that no other State has more loans in the Trust encumbering properties in that State than California or Florida. See Kry Decl. Ex. 2 (Column C) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column CY) (MSM_MSSTI_20071_0003560). Disputed to the extent Morgan Stanley suggests that most of the loans in the Trust encumber California and Florida properties. See Kry Decl. Ex. 2 (Column C) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column CY) (MSM_MSSTI_20071_0003560) (reflecting that the Trust contains loans encumbering 3,812 properties in States other than California and Florida).

12.     DBNTC, a California resident, is one of the two custodians of the mortgage notes for the Trust.  See Pro. Supp. at S-99 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Disputed.  The PSA defines "Custodian" as "[e]ach of Deutsche Bank National Trust Company and Wells Fargo Bank, National Association, or any successor custodian appointed pursuant to the provisions hereof and the related Custodial Agreement."  PSA § 1.01, at 25 (Weinstein Decl. Ex. B); see also id. § 2.01.  The Mortgage Loan Schedule lists only Wells Fargo, "LaSalle," and "BT" as custodians.  See Kry Decl. Ex. 2 (Column CL) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column X) (MSM_MSSTI_20071_0003560).

13.     Wells Fargo Bank is the other custodian of the mortgage notes for the Trust.  See Pro. Supp. at S-99-100 (Weinstein Decl. Ex. D).

**Plaintiff's Response:**  Undisputed that Wells Fargo is identified in the PSA and Prospectus Supplement as one of the custodians of the mortgage notes for the Trust.  Disputed to the extent Morgan Stanley suggests that there are only two custodians of the mortgage notes for the Trust.  The PSA defines "Custodian" as "[e]ach of Deutsche Bank National Trust Company and Wells Fargo Bank, National Association, or any successor custodian appointed pursuant to the provisions hereof and the related Custodial Agreement."  PSA § 1.01, at 25 (Weinstein Decl. Ex. B); see also id. § 2.01.  The Mortgage Loan Schedule lists Wells Fargo, "LaSalle," and "BT" as custodians.  See Kry Decl. Ex. 2 (Column CL) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column X) (MSM_MSSTI_20071_0003560).

14.     The governing agreements contemplate that Wells Fargo Bank may maintain the mortgage notes in its custody facility in Irvine, California.  Pro. Supp. at S-99-100 (Weinstein Decl. Ex. D); PSA Ex. G (Weinstein Decl. Ex. B).

**Plaintiff's Response:**  Disputed.  The Prospectus Supplement reflects that Wells Fargo as custodian "maintains mortgage custody vaults" where it stores "mortgage loan files on behalf of the trustee and the certificateholders" in "its Minneapolis, Minnesota headquarters and in three regional offices located in Richfield, Minnesota, Irvine, California, and Salt Lake City, Utah."  Pro. Supp. at S-99-100 (Weinstein Decl. Ex. D).  Wells Fargo also provided a Maryland address for its operations as Master Servicer and Securities Administrator for this Trust.  PSA § 12.05(b) (Weinstein Decl. Ex. B); *see also id.* § 1.01, at 23 (defining the "Corporate Trust Office" "with respect to the Securities Administrator" as the same Maryland address).  The form request attached to the PSA, on which Morgan Stanley relies, lists a California address as Wells Fargo's correspondence address, *see* PSA Ex. G (Weinstein Decl. Ex. B), but that form does not say where the notes are maintained or by whom.

15. DBNTC served its repurchase demand on defendant Morgan Stanley Mortgage Capital Holdings, LLC on April 4, 2013.  See Compl. ¶ 47 (Dkt. No. 2).

**Plaintiff's Response:**  Undisputed insofar as, on April 4, 2013, the Trustee, solely in its capacity as Trustee for the MSSTI 2007-1 Trust, forwarded to Morgan Stanley an April 2, 2013 letter from two certificateholders in the Trust advising of "material and adverse breaches of representations and warranties by Morgan Stanley" in 1,620 loans (the "Breach Notice").  *See* Compl. ¶ 47 & Ex. 3 (Dkt. 2).

16. DBNTC filed the complaint in this action on April 28, 2014.  See Compl. (Dkt. No. 2).

**Plaintiff's Response:**  Undisputed insofar as the Trustee filed the complaint in this action solely in its capacity as Trustee for the MSSTI 2007-1 Trust.  *See* Dkt. 2.

7

**PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AS TO WHICH IT CONTENDS THAT THERE EXIST GENUINE ISSUES TO BE TRIED**

In addition to the genuine issues of fact noted above, the Trustee respectfully submits that genuine issues of fact remain to be tried as set out below.

17. Defendant Morgan Stanley Mortgage Capital Inc. is a limited liability company formed under the laws of New York with its principal place of business in New York. Morgan Stanley Mortgage Capital Inc.'s sole member is Morgan Stanley, which is incorporated in Delaware, with its principal place of business in New York. *See* Dkt. 50 ¶ 7.

18. The originators of loans in this Trust are: (1) Aames Capital Corporation; (2) Accredited; (3) Aegis Mortgage Corporation; (4) Decision One Mortgage Company, LLC; (5) First NLC; (6) Fremont Investment & Loan; (7) MILA, Inc.; (8) New Century Mortgage Corporation; (9) Option One Mortgage Corporation; (10) Wilmington Finance Inc.; and (11) WMC Mortgage Corp. *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560); *see also* PSA § 1.01, at 37 (Weinstein Decl. Ex. B) (defining "Originator" as, "the originator set forth in the Mortgage Loan Schedule" "[w]ith respect to each Mortgage Loan"); MLPA § 1 (Weinstein Decl. Ex. F, Compl. Ex. 1) (listing the originators of loans in this Trust).

19. Aames Capital Corporation ("Aames") was a resident of California. *See* Kry Decl. Ex. 4.

20. Aegis Mortgage Corporation was a resident of Texas. *See* Kry Decl. Ex. 5.

21. Decision One Mortgage Company, LLC is a resident of North Carolina. *See* Kry Decl. Ex. 6.

22. Fremont Investment & Loan ("Fremont") is a resident of California. *See* Kry Decl. Ex. 7.

8

23. MILA, Inc. is a resident of Washington State. *See* Kry Decl. Ex. 8.

24. New Century Mortgage Corporation ("New Century") is a resident of California. *See* Kry Decl. Ex. 9.

25. Option One Mortgage Corporation ("Option One") is a resident of California. *See* Kry Decl. Ex. 10.

26. Wilmington Finance Inc. is a resident of Pennsylvania. *See* Kry Decl. Ex. 11.

27. WMC Mortgage Corp. ("WMC") is a resident of California. *See* Kry Decl. Ex. 12.

28. Aames originated less than 0.05% of the loans in this Trust (2 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

29. Accredited originated 33.57% of the loans in this Trust (1,468 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

30. Fremont originated 0.96% of the loans in this Trust (42 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

31. New Century originated 10.38% of the loans in this Trust (454 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

32. Option One originated 0.02% of the loans in this Trust (1 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

33. WMC originated 2.95% of the loans in this Trust (129 of 4,373 loans). *See* Kry Decl. Ex. 2 (Column BX) (DBNTC_MSSTI_00010442); Kry Decl. Ex. 3 (Column BT) (MSM_MSSTI_20071_0003560).

34. The Morgan Stanley teams responsible for selecting the loans in the Trust were ▮▮▮▮▮. *See* Kry Decl. Ex. 13 at 104:2-133:5 (▮▮▮▮▮); *see also* Kry Decl. Ex. 14 (▮▮▮▮▮); Kry Decl. Ex. 13 at 109:14-110:15 (▮▮▮▮▮); *id.* at 119:6-15 (▮▮▮▮▮); Kry Decl. Ex. 15 at 8:21-22 (▮▮▮▮▮).

35. The PSA and MLPA were drafted and negotiated in New York by New York counsel. *See* PSA (Weinstein Decl. Ex. B) (document footer stating "TPW: NYLEGAL"); MLPA (Weinstein Decl. Ex. F, Compl. Ex. 1) (document footer stating "TPW: NYLEGAL"); Kry Decl. Ex. 16 at 61:1-62:18 (explaining that ▮▮▮▮▮); Kry Decl. Ex. 17 at 49:20-52:16 (Morgan Stanley's 30(b)(6) witness confirming that the representations and warranties were ▮▮▮▮▮); *see* Kry Decl. Ex. 18 (Thacher Proffit & Wood LLP headquartered in New York); Kry Decl. Ex. 19 (Cadwalader, Wickersham & Taft LLP headquartered in New York).

36. Bear Stearns, the Depositor that conveyed the loans to the Trust, is a Delaware limited liability company with headquarters in New York. *See* Kry Decl. Ex. 20 (listing New

York address for Bear Stearns Asset Backed Securities I LLC); PSA § 1.01, at 25 (Weinstein Decl. Ex. B) (defining "Depositor" as "Bear Stearns Asset Backed Securities I LLC, a Delaware limited liability company"); *id.* § 7.06 (describing delivery of certificates to Depository "by or on behalf of the Depositor").

37. During its corporate deposition, Morgan Stanley testified that the Trust was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Kry Decl. Ex. 17 at 34:8-35:14.

38. The MSSTI 2007-1 transaction was a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Kry Decl. Ex. 13 at 273:5-22.

39. MSSTI 2007-1 contains loans from 11 different originators, instead of the ▮▮▮▮▮▮ Kry Decl. Ex. 21 at 49:14-50:16.

40. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Kry Decl. Ex. 14.

41. At his deposition on April 13, 2016, Telesca explained that he understood ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Kry Decl. Ex. 13 at 339:14-340:19.

42. Morgan Stanley confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Kry Decl. Ex. 22; *see also* Dkt. 125 ¶ 141 (Morgan Stanley disputing this fact).

43. After closing, Morgan Stanley ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Kry Decl. Exs. 23-24; *see also* Dkt. 125 ¶ 150 (Morgan Stanley disputing this fact).

44.      ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████   *See* Kry Decl. Ex. 25 at 70:2-16, 81:18-24; *see also* Dkt. 125 ¶151

(Morgan Stanley disputing this fact).

45.     After receiving the Trustee's April 4, 2013 Breach Notice, Morgan Stanley responded on July 3, 2013, ████████████████████████████████████

████████████████████████████████.  *See* Kry Decl. Ex. 26.

46.     Morgan Stanley refused to repurchase any other loans.   Dkt. 50 ¶47; Dkt. 125 ¶63.

47.     The mortgage loan files used to identify breaches during post-complaint reunderwriting were maintained by third-party servicers, Ocwen and Saxon.  *See* Kry Decl. Exs. 27-28.

48.     Individuals in Deutsche Bank National Trust Co.'s New York offices perform trust administration services.  *See* Kry Decl. Ex. 1 (████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████).

February 15, 2018                                   Respectfully Submitted,


                                                    /s/ Steven F. Molo
                                                    Steven F. Molo
                                                    Robert K. Kry
                                                    Justin V. Shur
                                                    Lauren M. Weinstein
                                                    MOLOLAMKEN LLP
                                                    430 Park Avenue
                                                    New York, New York  10022
                                                    (212) 607-8160 (telephone)
                                                    (212) 607-8161 (facsimile)

                                                    *Attorneys for Plaintiff Deutsche Bank*
                                                    *National Trust Company, as Trustee for the*
                                                    *Morgan Stanley Structured Trust I 2007-1*