|  |  |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**Brian S. Weinstein**

Davis Polk & Wardwell LLP   212 450 4972 tel
450 Lexington Avenue   212 701 5972 fax
New York, NY 10017   brian.weinstein@davispolk.com

February 22, 2018

Re:   Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC, No. 14 Civ. 3020 (KBF)

The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Forrest:

    We represent defendant Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley"), and write on behalf of the parties in the above-captioned matter. We write in accordance with the Court's order entered on February 9, 2018 [Dkt. No. 160] permitting Morgan Stanley to redact any personally identifiable borrower information from documents that will be unsealed pursuant to the Stipulation and Order for the Filing Under Seal of Confidential Documents [Dkt. No. 107] (the "Sealing Order").

    The Sealing Order contemplated that documents filed under seal in connection with Morgan Stanley's motion for summary judgment [Dkt. No. 111] would be unsealed if relied on by the Court in deciding the motion. See also Equal Employment Opportunity Comm'n v. Kelley Drye & Warren LLP, No. 10 Civ. 655, 2012 WL 691545, at *1-2 (S.D.N.Y. Mar. 2, 2012) (noting judicial documents subject to presumption of public access are "only those upon which the Court relied"). After meeting and conferring on this issue, the parties interpreted the Court as having relied on any documents cited directly in the Opinion & Order entered January 25, 2018 [Dkt. No. 145] (the "Decision"), and on any supporting exhibits referenced in those portions of the memoranda of law or the Local Rule 56.1 statements that the Court cited in the Decision. Based on this interpretation, the parties understand that the Court relied on the documents listed in Exhibit A. Morgan Stanley has therefore reviewed only those documents for any borrower information. To the extent the Court relied on any other documents, the parties respectfully request an opportunity to review those documents for any borrower information before they are unsealed.

    Based on Morgan Stanley's review, it believes the documents listed in Exhibit B contain borrower information that should be redacted. With the exception of Exhibits 6 through 10 to the Declaration of Justin V. Shur [Dkt. Nos. 122] (the "Shur Declaration"), which are discussed

Hon. Katherine B. Forrest          2          February 22, 2018

below, Morgan Stanley has prepared redacted versions of these documents.[1] With the Court's permission, Morgan Stanley will file these redacted versions publicly via ECF.

Morgan Stanley respectfully requests that the Court leave Exhibits 6 through 10 to the Shur Declaration under seal. Plaintiff does not object to this request. Exhibits 6 through 10 are due diligence spreadsheets produced by a third-party and submitted by plaintiff in opposition to Morgan Stanley's motion. They collectively contain thousands of pages of detailed loan-level comments regarding hundreds of mortgage loans. Some of these comments include borrower names, addresses, and social security numbers. Morgan Stanley has made a good faith effort to review Exhibits 6 through 10 to determine the feasibility of redacting all borrower identifying information, but given the complexity of the documents and the volume of information, Morgan Stanley does not believe it can ensure that all borrower information will be redacted. To avoid the inadvertent disclosure of sensitive borrower information, Morgan Stanley respectfully requests that the Court leave Exhibits 6 through 10 under seal and only unseal Exhibit 5 to the Shur Declaration. Exhibit 5 summarizes the most relevant portions of Exhibits 6 through 10 and Morgan Stanley has prepared a redacted version of Exhibit 5 to file via ECF. If the Court is not inclined to leave Exhibits 6 through 10 entirely under seal, Morgan Stanley respectfully requests an additional two weeks to ensure that all borrower information is properly redacted from these documents.

Exhibit C contains a list of excerpts from deposition transcripts that the parties filed under seal. Although these documents do not contain borrower information, Morgan Stanley believes that the Court may have relied only on the portions of these transcripts cited in the Decision, in the memoranda of law, or in the Local Rule 56.1 statements. If Morgan Stanley's understanding is correct, it respectfully requests the Court's permission to publicly file only these excerpts, in lieu of unsealing the full transcripts that were originally filed under seal. Plaintiff also does not object to this request.

Finally, the parties understand that the Court relied on two documents that identify the certificateholder that sent the Trustee breach notices. Exhibit S to the Declaration of Brian S. Weinstein was previously filed [Dkt. No. 2-5] as an exhibit to the Complaint and redacted the identity of that certificateholder, and thus the parties agree that it is unnecessary to file it on the docket again. With the Court's permission, Exhibit T will be filed on ECF with redactions to protect the identity of the certificateholder, which did not form the basis of any of the Court's rulings on summary judgment and which plaintiff contends should remain confidential. Morgan Stanley does not object to this request. If the Court prefers, the parties will file unredacted copies of these documents.

We thank the Court for its consideration.

*[Handwritten notes: Ordered / Provide me with a proposal order that reflects what the Clerk of Court needs to effectuate this. KBF USDJ]*

Respectfully submitted,

/s/ Brian S. Weinstein

Brian S. Weinstein

cc: Counsel of Record (via ECF)

*[Handwritten date: 2/23/18]*

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(4), Morgan Stanley has also redacted all but the last four digits of all loan numbers and financial account numbers.