

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

February 24, 2018

VIA CM/ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      RE: *Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC*, No. 14 Civ. 3020 (S.D.N.Y.)

Dear Judge Forrest:

      We represent plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee (the "Trustee") for the Morgan Stanley Structured Trust I 2007-1 (the "Trust"), but we write on behalf of both parties to update the Court on the settlement of this matter.

      As I explained in my letter dated February 19, 2018, Morgan Stanley and the directing certificateholder reached a settlement in principle regarding the economic terms on which to resolve this action on Friday, February 16. Those settlement terms now have been memorialized in a full settlement agreement that has been signed by Morgan Stanley and presented to the Trustee. The Trustee has reviewed the agreement and has determined that the form of the agreement is acceptable to the Trustee if approved by the certificateholders of the Trust. As contemplated by the agreement and described below, the Trustee promptly intends to solicit certificateholders' votes to determine whether they support settlement on the terms set forth in the agreement.

      Within five business days, the Trustee will send a consent solicitation to all certificateholders informing them of the settlement terms and attaching a copy of the settlement agreement. Certificateholders will be provided with 30 days to cast their votes. For the settlement to be approved, certificateholders with at least 25% of the outstanding voting rights and at least 50% of the votes actually cast must support the settlement (the "Requisite Percentage"). The directing certificateholder, which has informed the Trustee that it supports the settlement, currently possesses approximately 43% of the outstanding voting rights of the Trust. Once the solicitation period has been completed (in fewer than 40 days from today), the Trustee will know for certain whether the Requisite Percentage of certificateholders have approved the settlement and can promptly inform the Court. If the Requisite Percentage of certificateholders has approved the settlement, then pursuant to the terms of the agreement, the parties promptly would stipulate to dismiss this action.

If the Requisite Percentage is met, depending on the exact outcome of the certificateholder vote, the Trustee may dismiss this action without prejudice and commence a Trust Instruction Proceeding ("TIP") for approval of the Trustee's decision to settle in probate court in California. TIPs are a common feature of the trustee approval process in trust settlements like this one and provide objecting certificateholders with an opportunity to be heard by a court before action is taken by a trustee. If the Requisite Percentage is met and the Trustee determines not to file a TIP, then the Trustee would dismiss this action with prejudice.

* * *

In light of the above, the parties respectfully request the opportunity to report back to the Court immediately upon the completion and tallying of the certificateholder vote, and that the Court stay all deadlines and proceedings in the interim and hold in abeyance any decision on Morgan Stanley's motion for judgment on the pleadings and renewed motion for summary judgment (ECF No. 155). We appreciate the Court's consideration of this request.

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo

cc: All counsel of record