# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

March 16, 2018

Peter W. Tomlinson
Partner
(212) 336-2977
pwtomlinson@pbwt.com

By ECF

Hon. Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC*, **No. 14-cv-3020**

Dear Judge Forrest:

We write on behalf of Olifant Fund, Ltd., FFI Fund, Ltd., FYI Fund, Taconic Opportunity Master Fund L.P., and Taconic Master Fund 1.5 L.P., certificateholders in the Morgan Stanley Structured Trust I 2007-1 (the "Trust") at issue in the above-captioned suit. The Trust's certificateholders stand to receive the benefit of a judgment against defendant Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") for its pervasive breach of representations and warranties. By the same token, if plaintiff Deutsche Bank National Trust Company (the "Trustee") releases the Trust's claims against Morgan Stanley for inadequate consideration, certificateholders, who suffered the economic losses caused by Morgan Stanley's pervasive breaches of representations and warranties, will be irreparably harmed.

The Trustee, along with Morgan Stanley, asked this Court to exercise its discretion to take the extraordinary step of holding in abeyance decisions on two fully-briefed motions and to postpone the trial indefinitely so that the Trustee can engage in a flawed process to decide whether to accept a proposed settlement. In making this request, the Trustee and Morgan Stanley did not inform this Court that the proposed Morgan Stanley settlement on the table amounts to 10 cents on the dollar when measured against the losses suffered by the Trust. *See* Exhibit A (notice to Trust certificateholders providing copy of the proposed settlement agreement).

We submit this letter to respectfully request that the Court (1) lift the stay and issue decisions on the fully-briefed motions for judgment on the pleadings and summary judgment on statute of limitations, and (2) order the Trustee and Morgan Stanley, as contemplated by this Court's February 23, 2018 order, to file on the public docket the materials

Hon. Katherine B. Forrest
March 16, 2018
Page 2

cited or relied upon in the summary judgment decision.  The parties have already agreed that these materials do not warrant sealing, except to protect borrower privacy.  *See* Dkt. 160, 175.  The Court's decisions on the pending motions and materials on which the Court relied in its previously-issued summary judgment decision will provide all certificateholders with important information necessary to evaluate the proposed settlement offer.

The proposed settlement does not come close to compensating the Trust for the value of claims pending in this Court.  If the proposed settlement is approved, Morgan Stanley will be released from all liability related to this Trust in exchange for a payment of $37.5 million (of which up to $500,000 may be paid directly to the Directing Holder rather than to the Trust).[1]  Current cumulative realized losses on the loans in the Trust amount to $343 million.[2]  The Trustee "has asserted and proffered evidence in support that up to 93% of the loans in the Trust contain material breaches."  Order Denying Summary Judgment, Dkt. 145 at 26 (Jan. 25, 2018).  Thus, the Trustee's damages claim amounts to at least approximately $319 million (before consideration of future losses)—nearly ten times what is contemplated by the proposed settlement.  Moreover, the proposed settlement does not include any recovery for attorneys' fees incurred by the trust in prosecuting this action, even though the Trustee's complaint includes a claim for its attorneys' fees and costs that Morgan Stanley never moved to dismiss.  Recent decisions from the First Department confirm that RMBS trustees can recover legal fees and costs incurred in enforcing representation and warranty obligations.  *See Wilmington Tr. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 152 A.D.3d 421 (1st Dep't 2017); *Deutsche Bank Nat'l Tr. Co. v. EquiFirst Corp.*, 154 A.D.3d 605 (1st Dep't 2017); *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Capital, Inc.*, 34 N.Y.S.3d 428 (1st Dep't 2016).

This paltry proposed settlement makes no sense in a case on the threshold of trial where the Trustee recently defeated a comprehensive summary judgment motion.  All litigation involves risk, but the settlement proposal that the Trustee is now contemplating drastically undervalues the Trust's claims and means that most certificateholders will not see any compensation for the staggering losses the Trust has experienced.  While every RMBS trust's claims are unique, we note that in *MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Securities Inc.*, No. 12-cv-7322, a case against another large financial institution that proceeded through trial, the trustee rejected a settlement that amounted to 24% of losses.

In the notice to certificateholders about the proposed settlement, the Trustee makes no effort to explain why it agreed to seek a stay of all proceedings and to ask the Court to hold off on issuing decisions on the pending motions, other than stating that the Directing Holder

---

[1] The proposed agreement expressly contemplates that it may be shared with this Court.  *See* Exhibit A, Proposed Settlement § 7(b).

[2] *See* Feb. 26, 2018 Certificateholder Distribution Summary at 7, *available at* https://www.ctslink.com/a/document.html?key=3664575.  Tens of millions of dollars of future losses are expected as well as loans continue to default and go into foreclosure.

Hon. Katherine B. Forrest
March 16, 2018
Page 3

supports the proposed settlement.  Notably, the Trustee did not inform certificateholders whether it took any steps to determine if the Directing Holder is receiving additional compensation from Morgan Stanley above and beyond the payment to the Trust in exchange for supporting a settlement that leaves most certificateholders with no recovery at all.  Nor has the Trustee sought to ascertain in the voting solicitation materials that it distributed to certificateholders whether any holder who seeks to participate in the solicitation process is an affiliate of Morgan Stanley itself.  As this Trustee is well aware, defendants in RMBS cases have purchased certificates in RMBS trusts in order to influence the settlement process.

The Trustee's decision to seek a stay of the case on the eve of trial and before the Court decides the pending motions deprives certificateholders of information that is crucial to evaluating the proposed settlement.  By artificially creating uncertainty about the outcome of the two motions dealing with subject matter jurisdiction and the statute of limitations, the Trustee and Morgan Stanley have effectively manufactured an argument in favor of settling at this low price to the detriment of certificateholders, whose interests the Trustee is supposed to represent.  Indeed, we expect that the Trustee and Morgan Stanley will try to justify the low settlement proposal by emphasizing the legal risks associated with the pending motions.  There is no justification for this lack of information, especially since the issuance of rulings from this Court does not put the settlement at risk.  Morgan Stanley has made an irrevocable settlement offer that remains open until April 8, 2018, and, in the event the Trustee opts to initiate a trust instruction proceeding, Morgan Stanley must use its best efforts to assist in that proceeding regardless of intervening court decisions.  *See* Ex. A, Proposed Settlement § 2(a), (f), (h)(1).  By failing to take steps to comply with the Court's order on sealing, the Trustee is depriving certificateholders of factual information about the Trustee's claims that certificateholders—who are not parties to this case—are unable to access.

While the duty to determine whether the Proposed Settlement is fair and reasonable rests with the Trustee, the Court need not exercise its discretion to hold decisions in abeyance in order to allow the Trustee to proceed with this unfair solicitation process, particularly where the Court's rulings, which we understand were imminent, will assist certificateholders in evaluating the proposed settlement.  For all of the foregoing reasons, we respectfully request that the Court lift the stay and issue decisions on the two pending motions and order the Trustee and Morgan Stanley to file on the public docket as soon as possible the materials cited in the summary judgment decision, as contemplated by this Court's February 23, 2018 order.

Respectfully submitted,

/s/ Peter W. Tomlinson

Peter W. Tomlinson

cc:   All Counsel of Record (via ECF)

10278378