

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

March 20, 2018

VIA CM/ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> RE: *Deutsche Bank National Trust Company, solely in its capacity as Trustee for the Morgan Stanley Structured Trust I 2007-1 v. Morgan Stanley Mortgage Capital Holdings LLC*, No. 14 Civ. 3020 (S.D.N.Y.)

Dear Judge Forrest:

Pursuant to the Court's order in the above-referenced action dated March 16, 2018 (Dkt. 179) (the "Order"), Plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee (the "Trustee") of the Morgan Stanley Structured Trust I 2007-1 (the "Trust"), writes in response to the letter dated March 16, 2018 from Peter W. Tomlinson (the "March 16 Letter") on behalf of Olifant Fund, Ltd., FFI Fund, Ltd., FYI Fund, Taconic Opportunity Master Fund L.P., and Taconic Master Fund 1.5 L.P. (collectively, the "Funds") (Dkt. 178).

While our response is directed to the Funds' letter, we noted that the Court's Order raised several questions. In an effort to assist the Court in its decision-making, we address – to the best of the Trustee's knowledge so far – the Court's questions first.

Earlier today, the Funds wrote to the Court in response to the Court's question concerning their holdings (Dkt. 180).

The Order also asked whether "the proposed settlement . . . already reached (or is likely to reach) the required approval percentage." Dkt. 179. As of the writing of this letter, the Trustee (through its tabulation agent) has received votes in the solicitation corresponding to approximately 74% of the voting rights directing the Trustee to accept and enter into the Settlement Agreement and has received no votes directing the Trustee to reject the settlement agreement and continue prosecuting the action. The solicitation deadline for certificateholders to vote on the proposed settlement is April 2, 2018, and the Trustee recognizes that certificateholders may change their votes before that deadline. Accordingly, these vote counts are preliminary and will not become final until the Trustee receives a certificate from the tabulation agent with a final tabulation report. The Trustee expects to receive the certificate and final tabulation report no later than April 3, 2018 – one day before the April 4th deadline for the Trustee to accept the settlement agreement.

Hon. Katherine B. Forrest
March 20, 2018
Page 2 of 2

At the time that the Trustee received the settlement offer from the Defendant in this action, the Trustee determined that it was in the best interests of certificateholders of the Trust to agree to a short stay of approximately one month to allow them to decide whether to accept the settlement for two reasons.  First, the Trustee understood that the Defendant was prepared to make the settlement offer only if the Trustee consented to the stay, and given that certificateholders with 43% of the voting rights supported the proposed settlement, the Trustee believed that investors should have the opportunity to consider the proposal.  Second, the Trustee believed that a short stay was reasonable because if certificateholders support the settlement, a stay would prevent the Trust from incurring unnecessary legal fees and expenses associated with trial preparation.  On the other hand, if certificateholders disfavor the settlement, it did not seem unduly prejudicial to perform that work one month later.  Respectfully, the Trustee believes both of those reasons continue to apply, and, therefore, the stay should remain in effect.

Finally, the Trustee confirms that it has complied with Paragraph 2 of the Order by publicly filing documents that it previously submitted to the Court under seal, other than Exhibits 6 through 10 of the Declaration of Justin V. Shur (Dkt. 122).

While we hope this explanation is helpful to the Court and responsive to its questions, the Trustee, of course, stands ready to proceed in any way the Court deems appropriate.  In the meantime, the Trustee will continue to consider any information that is forthcoming from certificateholders as well as any guidance from the Court.

                                             Respectfully submitted,

                                             /s/ Steven F. Molo
                                             Steven F. Molo

cc:     All counsel of record
         (via ECF)
       Peter W. Tomlinson
         (via e-mail: pwtomlinson@pbwt.com)